## SPRINGFIELD FIRE & MARINE INS. CO. v. BOOHER.

No. 12951—Opinion Filed May 7, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

### Insurance—Automobile Theft Policy—Waiver of Formal Proof of Loss.

Where an insurance company receives actual notice of a loss of a motor car by theft and the agents and adjuster of such company promptly make a complete investigation, reporting such facts to the company, and act in such manner as would lead a reasonable person to believe no further proof necessary, the said company thereby will be held to have waived the written verified notice required to be filed in 60 days under the conditions of the policy.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by W. M. Booher against the Springfield Fire & Marine Insurance Company, a corporation, to recover on an insurance policy for the loss by theft of an automobile insured under said policy. Judgment for plaintiff; defendant prosecutes this appeal. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Wm. S. Hamilton and John F. Pendleton, for defendant in error.

WARREN, J. This is an appeal from the district court of Nowata county wherein W. M. Booher sued the Springfield Fire & Marine Insurance Company, a corporation, on an insurance policy covering the loss by fire or theft of a Ford automobile. The plaintiff alleged the execution and delivery of the policy in the sum of $350, the payment of the premium, the theft of the car. It appears that there was a condition in the policy that requires the written and verified proof of loss within 60 days. Plaintiff alleges a waiver on the part of the insurance company of this condition in that he was prevented by the acts of the agent of the company, B. C. Martin, and its duly authorized adjuster, John Gibbons, from making proof. He alleges that immediately on the occurence of the theft the loss was reported to the local agent, who in turn immediately notified the company; that within a few days the adjuster of the company came to the town of the residence of the plaintiff to investigate the loss; that the adjuster made a complete investigation, visited the scene of the theft, investigated the broken locks and made strict examination of plaintiff's ownership; that said adjuster and the agent both stated that nothing further was necessary to be done until after the report on the loss was made by the adjuster.

Defendant answered with a general denial; admitting the execution and delivery of the policy; alleging the condition therein providing for proof of loss in writing, signed and sworn to by the insured within 60 days; that such notice was not given; together with other allegations not necessary to a determination of this case. Plaintiff replied with a general denial.

There is a little discrepancy as to the proof, which follows closely the allegations as herein set out. There was the usual 60 days' written, signed, and verified notice required. It is undisputed that the company was notified of the loss the next day, and that shortly thereafter the adjuster arrived and made a searching examination, securing all the information, and, in fact, much more than could have been included in a formal proof of loss. It is undisputed that he told the insured that nothing remained for him

to do at that time. The plaintiff contends that it was at that time he was told there was nothing further to be done, but the defendant says it was a limitation on the duty of the plaintiff merely as to what was to be done on that particular occasion. It is evident that the plaintiff so understood it, and the facts having all been secured by the company, he may well have so believed. This phase of the case was submitted to the jury by the court under the following instruction:

"You are further instructed that if you believe from a preponderance of the evidence herein that the plaintiff, W. M. Booher, was the owner of the Ford roadster described in the plaintiff's petition at the time the insurance policy herein was issued by the defendant company, and if you further find and believe that the plaintiff was the owner of said car at the time of the loss of the same by theft, as alleged in the plaintiff's petition, and if you further find and believe that said policy was issued by the defendant company through the authorized agent, B. C. Martin, as alleged in the plaintiff's petition, and if you further find and believe that the plaintiff paid therefor the rate specified in said policy and paid in full the premium due on said policy, and you further find and believe that thereafter said car was stolen from the plaintiff through no fault on the part of the plaintiff, and if you further find and believe by a preponderance of the evidence herein that the defendant company, through its authorized adjuster, investigated the loss of said car and in connection therewith made such statements and conducted itself in relation thereto in such a manner as to induce a reasonable belief on the part of the plaintiff that said company was satisfied with said investigation and did not desire a formal notice or proof of loss of said car, then and in that event you should return a verdict herein in favor of the plaintiff and against the defendant company. But, on the other hand, you are further instructed that if the plaintiff has failed to prove to your satisfaction, by a preponderance of the evidence herein, any one or more of the above requirements, then and in that event you should return a verdict in favor of the defendant company."

In our opinion the facts as alleged and proven fully justified this instruction, and it properly stated the law of the case. This court in State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 Pac. 105, held as follows:

"Insured property having been destroyed by fire, and the company receiving notice thereof by telegram from the insured the same day the fire occurred and promptly sending its agents to investigate the extent of the loss and such agents performing that duty, held, the company thereby waived notice of loss required under the terms of said policy."

This case has been followed in Hartford Fire Ins. Co. v. Sullivan, 74 Oklahoma, 179 Pac. 24, and in American Ins. Co. v. Ott, 101 Okla. 111, 223 Pac. 131. We think the facts constituting a waiver in this case fully as strong as in those cited. In the case of Hartford Fire Ins. Co. v. Sullivan, supra, the court said:

"Insurance companies should not be permitted, after a loss occurs, to treat with the insured concerning the amount of loss, thus leading him to believe that the only question to be settled is the amount of the loss, and that the preliminary proof ordinarily required is not necessary."

In this case it appears that the plaintiff was "lulled into security" by the agents of the defendant. It further appears that they were not deprived of knowledge of a single fact which would have been communicated by a formal proof. The defense is a purely technical one, which cannot be sustained under the proof.

Defendant in error in this case has asked for a judgment against the sureties on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which H. G. Garnett was surety. Judgment is therefore rendered against the said surety on the supersedeas bond.

The judgment of the trial court will be affirmed.

JOHNSON, C. J., and HARRISON, LYDICK, and GORDON, JJ., concur.