## AETNA INSURANCE CO. v. JACKSON et al.

No. 26056.   June 9, 1936.

Rehearing Denied June 30, 1936.

Bond & Bond, for plaintiffs in error.

Paul Sullivan and Virgil Martin, for defendants in error.

PER CURIAM. This is an appeal from the district court of Stephens county wherein G. L. Jackson and E. S. Nelson sued the Aetna Insurance Company on an insurance policy covering the loss by fire of a Buick automobile. The case was tried before the trial court, and after the evidence of the plaintiffs was submitted, the defendant insurance company presented its demurrer to the evidence. From an order overruling the defendant's demurrer, an appeal was perfected to this court.

The only question involved is whether a proof of loss was given to the insurance company by the plaintiffs, or whether such proof of loss was waived by the company. The insurance policy carries the ordinary provision that a sworn proof of loss must be submitted to the company within 60 days after the loss. The plaintiffs pleaded in their petition a waiver on the part of the company of this requirement. It is the settled law in this state that it is necessary to submit such proof of loss unless the insurance company, by its actions or conduct, waives such proof.

The defendant has submitted a number of cases in their brief which hold that in those particular cases the evidence must show that a verified proof of loss was submitted within the 60 days provided for in the policy. In those cases the plaintiffs did not plead any waiver of such proof, and the court held that no evidence which might tend to constitute a waiver could be introduced under their pleadings, but that it was necessary to show actual submission of said proof of loss. However, this act on the part of the insured may be waived by the insurer, and where properly pleaded, may be shown by the evidence.

In Springfield Fire & Marine Ins. Co. v. Booher, 102 Okla. 89, 226 P. 1028, the company was notified of the loss and sent an adjuster who inspected the loss and made an examination of matters leading up to the loss, and then told the insured that there was nothing further for him to do. This was held to be a waiver of the proof of loss required under the terms of the policy.

This court has held that where an ad-juster for the company inspects the loss within the 60-day period and denies liability of the company, the company has waived the submission of a proof of loss. Oklahoma Fire Insurance Co. v. Wagester, 38 Okla. 291, 132 P. 1071; Phoenix Insurance Co. of Hartford, Conn., et al. v. School District No. 132 of Comanche County, 102 Okla. 251, 228 P. 489.

In the present case the evidence shows that the company was notified shortly after the loss occurred and within the 60-day period; that the company sent an adjuster to inspect the loss about 30 days after the loss; that this inspector talked to G. L. Jackson and E. L. Nelson, and received information from them as to how the loss occurred. He also inspected the car, after which he told them he would be back in a day or two. They also had conversations with the local agent for the insurance company concerning this loss. The company had all the information at hand concerning the loss which they would have obtained from a proof of loss submitted by the insured. The trial court was justified in concluding plaintiffs were led to believe that there was nothing further for them to do until the adjuster came back.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. H. Mattingly, W. N. Palmer, and John R. Pearson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mattingly, and approved by Mr. Palmer and Mr. Pearson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C, J., and BAYLESS and PHELPS, JJ., absent.