## BRESHEARS v. WRIGHT.

No 27208. June 29, 1937.

Rehearing Denied Sept. 14, 1937.

Sam A. Neely and D. F. Rainey, for plaintiff in error.

R. A. Wilkerson, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

Plaintiff. L. J. Wright, brought an action for damages against C. F. Breshears, A. L. Suggs, and Barney Thomas. Plaintiff was riding in a truck driven by Breshears. The plaintiff, and Breshears were returning from Choteau, Okla., to Claremore, Okla., after delivering a load of gasoline, and when they reached a place approximately two and one-half miles from Pryor, Okla., the truck driven by Breshears collided with a pickup truck driven by the defendant A. L. Suggs, approaching in the opposite direction, resulting in the collision causing the accident. Barney Thomas was not connected by the evidence in any way with the collision and the court properly sustained a demurrer to the evidence as to him.

Judgment was rendered in favor of the plaintiff. L. J. Wright, against C. F. Breshears, from which judgment Breshears appeals. Plaintiff in error seeks only to reverse the judgment as to L. J. Wright.

It is first urged that the court erred in not sustaining an objection to the introduction of any evidence on the ground that the petition failed to state a cause of action. The petition was not attacked by demurrer. This court has held that an objection to the introduction of evidence on the ground that the petition does not state a cause of action is not favored where no demurrer is lodged, and that where such sufficiency is so challenged, there must be a total failure to allege some matter essential to a recovery, and that the allegations will not be held bad where they are simply incomplete, indefinite, or conclusions of law. Oklahoma Natural Gas Corp. v. Schwartz, 146 Okla. 250, 293 P. 1087; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Good v. First Nat. Bank, 88 Okla. 110, 211 P. 1051; Geck v. Security State Bank, 133 Okla. 67, 271 P. 152; Hunt v. Tulsa Terrazzo Mosaic Co., 157 Okla. 174, 11 P. (2d) 521.

It is urged in proposition 2 of defendant's brief that the court erred in refusing, upon request, to instruct the jury on the law of contributory negligence, assumption of risk, and imputed negligence.

The court, in its instruction No. 11, instructed the jury that the plaintiff must use reasonable care, and fairly covered the law with relation to contributory negligence and assumption of risk. No error is pointed out in the brief of the defendant in this instruc-

tion. We are of the opinion, and hold, the instructions, taken as a whole, r ably state the degree of care to be us the plaintiff. This instruction is a identical with the instruction approv this court in Sand Springs Ry. Co. v Williams, 170 Okla. 85, 38 P. (2d) 539 are of the opinion that the rule as t puted negligence does not apply.

Plaintiff, Wright, did not obtain a ment against A. L. Suggs; and defe Breshears does not seek to reverse the ment in favor of the defendant Sugg seeks only to reverse the judgment of tiff,. Wright. The doctrine of impute ligence as between Wright and Bre does not apply.

In Miller v. Price, 168 Okla. 452, (2d) 624, we said:

"Instructions in all cases should the facts and to all proper deduction interpretations of them, and not to qu not presented or covered by the evi

The degree of care placed upon the tiff with relation to the defendan shears is stated in Miller v. Price, as follows:

"There is some dispute in the testim to whether plaintiff was an employe guest of defendant at the time of the but this is not a material issue, as gree of care which defendant was b use to avoid injuring plaintiff would same in either case."

The third and final proposition is t court committed error when it refus on request, to instruct the jury th evidence introduced by the defendant after the case of plaintiff and the ant Breshears was closed, was no considered by the jury in their det tion of the controversy which exis tween plaintiff, Wright, and the de Breshears.

After the defendant Breshears had defendant Suggs was called on his half to explain a second time on the stand the manner in which he was his truck at the time of the collisi ter the witness had proceeded to de nature of the accident, counsel for B objected to each and every questi pounded to the witness and the answ en, for the reason that the plain rested his case and the defenda shears rested his case.

Ordinarily, the trial court has a eral and broad control of the ma which it receives evidence. No au

e cited by the defendant showing wherein e reception of this evidence, if out of order, constitutes error. We are of the opinion, and hold, that no prejudicial error resulted in this proceeding.

Finding no error in the action of the trial court, the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.