**CONTINENTAL INSURANCE CO. v. PORTWOOD.**

No. 28108.  Nov. 15, 1938.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

R. Place Montgomery and Clayton Carder, for defendant in error.

HURST, J. This is an action by J. A. Portwood against the Continental Insurance Company to recover on two policies of fire insurance. One of the policies covered a barn and a dwelling house, and the other policy covered certain grain and hay. Plaintiff sustained a total loss on the barn and grain and hay. Both policies contained a provision requiring sworn proof of loss to be furnished by the insured within 60 days after the fire. Both policies also contained a provision relating to vacancy and unoccupancy, which reads in part as follows:

"Permission given for any of the buildings herein described to remain vacant, unoccupied or uninhabited for not exceeding thirty consecutive days, * * * and after said thirty days' vacancy or unoccupancy this entire policy is void unless vacancy or unoccupancy permit is extended by agreement in writing."

Plaintiff's petition contained two causes of action, one for each policy. In the first cause of action he alleged that the vacancy and unoccupancy clause has no reference to the grain or hay, and in the second cause of action he alleged that the clause had no reference to the barn. In both causes he alleged that if the clause did apply, it had been waived by the fact that the agents of the company at the time of the issuance of the policy had actual knowledge that the premises were vacant and were informed that they would remain vacant.

Also, in both causes of action plaintiff alleged that the requirement of proof of loss was waived by the fact that the agents of the company within 15 days after the fire denied liability on the policy on the grounds that the premises were vacant and unoccupied, and had been for a period exceeding 30 days.

Defendant answered setting up three defenses: (1) That by plaintiff's failure to furnish proof of loss as required by the policy his claim became forfeited; (2) that the policy was rendered void by the violation of the vacancy and unoccupancy provision; and (3) that the policy was rendered void under the provision against increase of fire hazard which was violated by leaving the premises vacant.

Evidence was submitted by both plaintiff and defendant upon the issues thus made up, and at the close of all the evidence the trial court directed a verdict in favor of plaintiff on both causes of action. Defendant brings this appeal.

Under the view we take of the case, we are only concerned with the contention that the court erred in directing a verdict for plaintiff.

It is well settled that the provision requiring proof of loss to be furnished the company is a condition precedent to a right of action thereon. Atlas Assur. Co. v. Leonard (1925) 108 Okla. 150, 234 P. 771; Nance v. Oklahoma Fire Ins. Co. (1912) 31 Okla. 208, 120 P. 948; Aetna Ins. Co. v. Hughes (1926) 120 Okla. 7, 249 P. 908. It is uncontradicted here that no proof of loss was furnished as required. But such a provision may be waived by the company denying liability under the policy upon other grounds than failure to furnish proof of loss. Oklahoma Fire Ins. Co. v. Wagester (1913) 38 Okla. 291, 132 P. 1071; Atlas Assur. Co. v. Leonard, supra; Springfield Fire & Marine Ins. Co. v. Oliphant (1931) 150 Okla. 1, 300 P. 711; Phoenix Ins. Co. of Hartford, Conn., v. School Dist. No. 132 (1924) 102 Okla. 251, 228 P. 489; Continental Ins. Co. v. Chance (1915) 48 Okla. 324, 150 P. 114. The question of waiver is one of fact, which may be established by evidence of such facts and circumstances as would reasonably result in that conclusion. Hartford Fire Ins. Co. v. Smith (1930) 141 Okla. 90, 284 P. 624. It is a question to be determined by the jury under proper instructions. Gish v. Insurance Co. of North America (1905) 16 Okla. 59, 87 P. 869; Kerr v. Aetna Casualty

& Surety Co. (1927) 124 Okla. 112, 254 P. 105.

Plaintiff first seeks to support the judgment of the trial court directing a verdict in his favor by the contention that the defendant waived the requirement of proof of loss by denying liability because of a violation of the vacancy clause in the policy.

The evidence discloses that defendant had two special agents, Mr. Sills and Mr. Lund, and that both of these agents visited the scene of the fire at separate times before the expiration of the 60-day period within which the proof of loss should have been made. The evidence is directly conflicting as to whether Mr. Sills or Mr. Lund denied liability on the ground of the vacancy of the premises. Plaintiff testified that they both did. Mr. Sills testified that he did not deny liability on the policy, but told plaintiff that he had no authority in the matter and that he would have to report the loss to the company and the company would refer it back to one of the special agents in his office. Mr. Lund also testified that he did not deny liability and that he was merely sent to investigate the loss. Plaintiff relies strongly upon the testimony of Mr. Lund where, upon being advised by plaintiff that the premises had been vacant for a month or so, he said: "If that is the case. I am mighty sorry because I can't discuss your loss with you any further without that information." It is argued that the inference as to requiring additional information is obvious subterfuge and that this statement amounted to an unqualified denial of liability. But it does not matter what conclusion plaintiff may draw from this testimony, or whether that conclusion is in fact correct, the fact remains that the evidence is in sharp conflict. It is well settled that "it is error to direct a verdict by the jury where evidence presents a dispute upon a material issue raised by the pleadings." Edwards v. Central Life Assur. Soc. of United States (1936) 179 Okla. 584, 66 P.2d 939. Therefore, in so far as plaintiff sought to establish a waiver of the requirement of proof of loss by the act of defendant in denying liability on the policy on other grounds, the court erred in directing a verdict for plaintiff.

■ But plaintiff further contends that the evidence supports another theory of waiver of the requirement of proof of loss even assuming that the agents of the company did not deny liability on other grounds. In this connection the testimony is undisputed. The argument is that the statement of Mr. Lund that he couldn't discuss the loss any further upon learning of the vacancy, and the statement of Mr. Sills that he would report the loss to the company and have it referred back to a special agent, were intended to and did mislead plaintiff to believe that the company would deny liability or that there would be no need of any further proof that he could supply. It is asserted that under such evidence, "and as a matter of law," it was proper for the court to hold that the company waived the provisions of the policy.

But the mere act of investigation by Mr. Lund will not of itself constitute waiver of the requirement of proof of loss as a matter of law. 26 C. J. 403. Neither will the statement of Mr. Sills that he would notify the company of the loss and that they would refer the matter back to a special agent, standing alone, constitute waiver as a matter of law. In 14 R. C. L. 1348, it is said that "a statement on receiving notice of loss that the claim will receive prompt attention * * * is not a waiver of the policy requirements." Also, it is said in 26 C. J. 404, "that a mere promise to send an adjuster is not a waiver of objections to the sufficiency of the proofs."

Plaintiff, however, relies on that part of the statement in 26 C. J. 403 where it is said that although the mere investigation by insurer is not itself a waiver of proofs of loss, yet "it may constitute a waiver of proofs if the investigation is attended by such circumstances as to lead insured to believe that nothing more is required of him and that he has only to wait until the insurer determines either to settle the loss or deny liability." He also relies on Springfield Fire & Marine Ins. Co. v. Booher (1924) 102 Okla. 89, 226 P. 1028; Hartford Fire Ins. Co. v. Sullivan (1918) 74 Okla. 241, 179 P. 24.

There seems to be considerable confusion in the use of the terms "waiver" and "estoppel" in the law of insurance. Waiver is the intentional relinquishment of a known right by the insurance carrier, or it may be more narrowly and accurately defined as the intended giving up of a known privilege or power. It always involves consent on the part of the insurance carrier, express or implied. Estoppel arises from the principle that if either party to an insurance contract makes, by word or act, a

false representation of fact with reference to the contract upon which the other, acting in good faith, reasonably relies to his prejudice, he will not be allowed to make any claim which is inconsistent with such representation. See Vance on Insurance (2d Ed.) page 451 et seq. Obviously, the reliance by the plaintiff upon the circumstances attending the investigation does not concern the intention or assent of the defendant. Therefore the contention now urged does not, strictly speaking, deal with waiver, but presents a question of estoppel. Although estoppel was not pleaded by plaintiff in his petition, the evidence referred to was admitted without objection, so we will consider the pleadings as amended to conform to the proof. O'Neal v. Harper (1937) 182 Okla. 52, 75 P.2d 879. But we cannot say that the court should, as a matter of law, hold that defendant is estopped to require a proof of loss by the conduct and statements of its agents. It is only where all reasonable men can draw but one conclusion from the undisputed facts that the question to be determined is one of law for the court and not one of fact for the jury. Edwards v. Central Life Assur. of United States, supra. We believe the facts here would support either the conclusion that plaintiff did or did not fail to furnish proof of loss on account of the conduct of the company's agents. The cases relied on by plaintiff are distinguishable from the instant case. In Springfield Fire & Marine Ins. Co. v. Booher, supra, the agent of the insured, after investigation, told the insured that nothing remained for him to do at that time. The question of "waiver" was submitted to the jury under proper instructions and verdict was for plaintiff. In the case of Hartford Fire Ins. Co. v. Sullivan, supra, the insurance company entered into an agreement with the insured by which the amount of the loss was determined by arbitrators duly selected pursuant to the terms of the policy, without any demand being made by the insurance company for proof of loss. No such facts are present here.

Therefore, the trial court erred in directing a verdict for plaintiff upon this theory.

Judgment reversed, with directions to grant a new trial and proceed not inconsistent with the views herein expressed.

OSBORN, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.