## AMERICAN HOME FIRE ASSUR. CO. et al. v. HARGROVE et al.

## HARGROVE v. AMERICAN HOME FIRE ASSUR. CO. et al.

### Nos. 1921, 1922.

Circuit Court of Appeals, Tenth Circuit.
Jan. 15, 1940.

F. A. Rittenhouse, John F. Webster, and W. D. Hanson, all of Oklahoma City, Okl., for appellants and cross-appellees American Home Fire Assur. Co. and Trinity Universal Ins. Co.

Jno. W. Porter, of Muskogee, Okl., for appellee and cross-appellant W. M. Hargrove.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

These were two separate suits, each to recover on an insurance policy insuring against loss by fire certain property near Enid, Oklahoma. The holder of a mortgage covering the insured premises intervened. The ownership of the property, the issuance of the policies and payment of the premium, the destruction by fire while such policies were in effect, and the existence of the mortgage were not in controversy. The cases were consolidated for trial, and the only issue of fact was whether the requirement for the making of verified proof of loss had been waived. Judgment was en-

tered for plaintiff against each company for the amount of its policy, with provision appropriately protecting the intervenor. The companies appealed from the judgment against them, and plaintiff perfected a cross appeal for failure of the court to award interest from February 7, 1938, rather than from the date of the judgment.

Taking up the direct appeal, the policies were standard form policies as required by section 10557, Oklahoma Statutes 1931, 36 Okl.St.Ann. § 244. Each contained a provision that in case of loss immediate notice in writing should be given, and verified proof of loss should be made within sixty days after the fire unless such time was extended in writing. No such proof was made, but the court found that the agent in Enid who wrote the policies had knowledge of the value of the building and contents; that on the day following the fire plaintiff reported the loss to the agent; that the agent already had been on the premises where the fire occurred and had actual knowledge of the loss; that at the time plaintiff reported the loss the agent stated that the loss had already been reported to the companies and would be taken care of, that there was nothing else for plaintiff to do, and that plaintiff might return to his home in Muskogee as the adjusters could find him and settle with him there just as well as at Enid; that the agent reported the loss to the companies; that the companies referred the matter to an adjustment bureau in Oklahoma City; that within a few days after the fire a representative of the bureau went to Enid and there observed the condition of the premises, and that he made a second trip to Enid a short time later; that such investigation was made for the purpose of assembling such information as one should have to report the facts, and of making an adjustment; and that on each trip the representative of the bureau talked with the agent of the companies who had written the policies but not with plaintiff. These findings are supported by substantial evidence, they are not clearly erroneous, and they must therefore stand on appeal. Rule 52(a), Rule of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c.

It is well settled in Oklahoma that where an insurance company receives actual notice of a loss by fire and immediately causes an adjuster to inspect the premises and investigate the extent of the loss, it waives the requirement contained in the policy for the making of a formal verified proof of loss. Springfield Fire & Marine Ins. Co. v. Booher, 102 Okl. 89, 226 P. 1028; Aetna Ins. Co. v. Jackson, 177 Okl. 345, 60 P.2d 210. The facts found by the court bring this case well within that rule.

It is contended, however, that a letter which the adjustment bureau wrote the attorney for plaintiff prior to the expiration of the sixty-day period, and a letter which the agent of the companies wrote the attorney shortly after the expiration of such period, disclosed a lack of intention on the part of the companies to do anything which could constitute a waiver of the requirement for the making of proof of loss and an understanding that such requirement had not been waived; and that despite such sixty-day provision plaintiff still could have furnished the proof within the period allowed for the bringing of an action, and that it was his duty to do so. It is held by the Supreme Court of Oklahoma that the requirement in a standard policy of fire insurance that proof of loss shall be given within sixty days after the fire is a condition precedent to the right to maintain an action on the policy but that failure to comply with such requirement within the time fixed does not void the policy or work a forfeiture; that it merely defers the right to sue; and that the proof may be given at such time as will enable the institution of the action before it is barred by limitation. Nance v. Oklahoma Fire Ins. Co., 31 Okl. 208, 120 P. 948, 38 L.R.A.,N.S., 426; Commercial Union Assur. Co. v. Shults, 37 Okl. 95, 130 P. 572; Niagara Fire Ins. Co. v. Waters, 130 Okl. 128, 265 P. 759; Hartford Fire Ins. Co. v. Smith, 141 Okl. 90, 284 P. 624. But that rule has no application where, as here, the company has once definitely and effectively waived the requirement for the making of the proof. A company cannot waive with binding effect the requirement and later be heard to say that the proof should have been given.

The contention presented on the cross appeal is that plaintiff is entitled to interest on the amount of the judgment from February 7, 1938, the date on which he contends that the company denied liability, rather than from the date of the judgment. It is unnecessary to explore the question as the record fails to indicate even remotely that it was presented to the trial court in any manner or at any juncture. It is raised initially on appeal. That cannot be done.

The judgment is affirmed.