AETNA INSURANCE CO. OF HARTFORD, CONN., v. POWERS.

No. 29981.   Jan. 27, 1942.

*121 P. 2d 599.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Joseph B. Champion, Jr., and J. B. Champion, both of Ardmore, for defendant in error.

PER CURIAM. On September 10, 1938, plaintiff in error, hereinafter referred to as defendant, through its local agent at Ardmore issued and delivered to the defendant in error, hereinafter referred to as plaintiff, a certain policy of insurance for a term of three years whereunder it insured a dwelling house, household goods, a barn, a storehouse, contents of said storehouse and a blacksmith shop against loss or damage by fire or windstorm. The policy described all of the property so insured as being located on a tract of land approximately one mile southwest of the town of Milo. The storehouse and its contents were located in the town of Milo. On November 27, 1938, the storehouse and its contents were wholly destroyed by fire. On November 28, 1938, the plaintiff notified the local agent of the defendant at Ardmore concerning the loss, and he in turn notified the defendant thereof. The defendant thereupon sent an adjuster to investigate and, if possible, to adjust the loss. Said adjuster, as a prerequisite to conducting any investigation, required the plaintiff to execute a nonwaiver agreement and thereupon made an investigation of the fire and the loss which plaintiff had sustained, and notified the plaintiff that the defendant was not liable under the policy, but that nevertheless said adjuster would recommend a compromise settlement in the amount of $500 if the plaintiff would signify his willingness to accept the same. The plaintiff declined to accept the offer so made and shortly thereafter submitted to the defendant's local agent at Ardmore, within the period which proof of loss could be made, a description of the property destroyed and the value thereof and which was submitted as a proof of loss to said local agent and by him sent to the defendant and retained by it without objection as to its sufficiency and without request for further proof. The plaintiff, not having received recompense for his loss, commenced an action on the policy, and when he discovered that the property which had been destroyed was described in the policy as being located on premises some two miles distant from the town of Milo, then by amended petition sought a reformation of the policy by making it properly describe the premises on which said storehouse was located at the time of its loss. The defendant answered that there had been no mistake and that the plaintiff had received the exact policy for which he had applied, and therefore was not entitled to reformation or to recover under the policy. Defendant also pleaded failure to comply with the requirements of the policy with reference to proof of loss and denied liability generally. The court reformed the policy so as to incorporate therein the proper description of the premises on which the storehouse was located and submitted the issue of amount of plaintiff's recovery to the jury upon proper instructions. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $900. Judgment followed the verdict. Motion for new trial was overruled, and defendant has perfected this appeal. As grounds for the reversal of said judgment, the defendant urges the following four propositions:

"(1) That the evidence was wholly insufficient to warrant a reformation of the policy.

"(2) That the nonwaiver agreement precludes the plaintiff from relying upon a purported waiver of the proof of loss provision of the policy.

"(3) Error of the trial court in admitting evidence on behalf of the plaintiff over the objection of defendant to

establish waiver of proof of loss provisions of the policy.

"(4) That since the plaintiff in his pleadings relies upon a compliance with the proof of loss provision of the policy and since the evidence of the plaintiff wholly fails to establish a compliance therewith, but instead, attempts to establish a waiver thereof in violation of the nonwaiver agreement at a variance with the allegations of the pleadings, the defendant's demurrer to plaintiff's evidence and its motion for directed verdict should have been sustained."

Under the first proposition the defendant urges that since its local agent relied upon the information given him by the plaintiff with reference to the location of the property intended to be covered by the policy of insurance, therefore the evidence failed to show any mutual mistake of fact, and hence decree of reformation was not proper. In support of the contention so made, we are cited to a number of cases from this and other jurisdictions which announce the well-established rule that in order to justify reformation of a contract the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. We are in accord with the rule announced in said cases, but we are of the opinion that the evidence in the case at bar satisfies the requirements of the rule, since the evidence shows conclusively that in addition to the dwelling house, household goods, and barn, the plaintiff desired to insure his storehouse and its contents as well as a blacksmith shop, and that defendant's local agent understood that this was his purpose and wrote the policy to cover the several properties, but either failed to understand that they were located at different points or else failed to incorporate the same in the policy. We think that it is self-evident that had not the defendant's local agent been mistaken about the location of the storehouse and its contents, he would have insisted upon collecting the rate applicable to the situs of such property, and that likewise had not the plaintiff thought that he was getting insurance upon his storehouse and its contents as well as his other property, he would have likewise insisted upon the proper description being inserted in the policy so as to provide him with the protection which he evidently intended to obtain. It is not contended that the parties did not intend to insure the storehouse and its contents, but it is conceded that such was the mutual intention of the parties, and that the agent thought the storehouse was located upon the same premises as the dwelling house and the other property, and the plaintiff thought that he had advised the agent differently and correctly with respect thereto. There is thus presented an entirely different state of facts from that which was involved in the case of Davis v. Universal Ins. Co., 169 Okla. 593, 38 P. 2d 932, upon which the defendant relies with a great deal of insistence. We are of the opinion that the facts in the case at bar are more nearly analogous to those which were considered in State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 P. 105, L.R.A. 1917E, 663, wherein it was said:

"Where the proof shows conclusively that there was a mutual mistake of fact, in that the insurance policy sued on contained a misdescription of the insured property by giving its location on block 5 while in truth and in fact it was situated on block 51, the court committed no error in reforming the policy to express the real intention of the parties."

We hold that under the evidence shown in the record reformation of the policy was properly decreed.

The defendant next contends that the nonwaiver agreement which was executed by the plaintiff and the adjuster of the defendant precluded the plaintiff from thereafter relying upon the waiver of the proof of loss provision of the policy. In support of this contention the defendant cites Scottish Union & National Ins. Co. v. Cornett Bros., 42 Okla. 645, 142 P. 315, which is authority for the rule that a nonwaiver agreement entered into between the insurance company and an insured reserves to the company every right under the policy

not previously waived and to the insured every right which had not been forfeited. This is sound doctrine; however, it has no application to the situation presented on this appeal. The defendant's local agent testified that after the execution of the nonwaiver agreement and after the adjuster had completed his investigation and had been unable to effect a compromise settlement with the plaintiff, plaintiff furnished said local agent with an incomplete proof of loss which said local agent forwarded to the defendant. Under these circumstances the nonwaiver agreement had performed its functions and had and could have no bearing on what transpired thereafter; therefore, when the plaintiff submitted to the defendant's local agent his so-called proof of loss and this was forwarded to the defendant and retained by it without objection as to its sufficiency and without any request for more detailed information until after the expiration of the period within which under the terms of the policy proof had to be made, there was presented not a question of whether the defendant had waived any proof of loss as required by the policy, but whether it had waived any objection to the sufficiency of the proof which had been submitted. See Central Fire Ins. Co of Baltimore v. Smith, 188 Okla. 203, 107 P. 2d 361; Insurance Company of N. A. v. Cochran, 59 Okla. 200, 159 P. 247.

What we have said with reference to the foregoing proposition disposes of the remaining propositions presented by the defendant. The defendant overlooks the fact that the evidence concerning the admission of which it now complains was directed to show a waiver of any objection to the sufficiency of the proof of loss which plaintiff had furnished rather than to a waiver of the provision of the policy relative to furnishing a proof of loss within a stipulated period. While it is well settled that the provision requiring proof of loss to be furnished is a condition precedent to a right of action on a policy of insurance (Continental Ins. Co. of N. Y. v. Portwood, 184 Okla. 22, 84 P. 2d 435), it is likewise well settled that an insurance company may waive any defects in proof of loss furnished. American Eagle Fire Ins. Co. v. Lively, 142 Okla. 246, 286 P. 797. In granting the reformation of the policy here involved the court protected the defendant by requiring the plaintiff to pay the difference in premium rates which he would have been required to pay had the policy been correctly written in the first instance. This was to do equity and is a matter of which the defendant is not in position to complain. It appears from the entire record that the insurance was intended to be effective upon the property here involved and that a loss occurred by reason of a hazard the risk of which the defendant had assumed, and that the evidence sustains the amount of recovery allowed by the verdict of the jury. No reversible error is presented; therefore, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.