CENTURY INS. CO., Ltd., of EDINBURGH, SCOTLAND, v. RICE.

No. 31220. Jan. 18, 1944.

*144 P. 2d 953.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and D. S. MacDonald, Jr., of Durant, for plaintiff in error.

Roy B. David, of Durant, for defendant in error.

HURST, J. On November 14, 1939, defendant, the Century Insurance Company, issued a fire insurance policy in the amount of $750 covering the fixtures and stock of merchandise located in the combination home and filling station of plaintiff, C. C. Rice. The policy was written on the standard form prescribed by 36 O. S. 1941 § 244 and provided that if fire occurred, the insured should furnish the company detailed proof of loss within 60 days thereof. On December 8, 1939, the fixtures and stock of merchandise were almost completely destroyed by fire. Plaintiff immediately notified the local agent of the defendant company, and the next day the company sent its investigator, J. C. Brooks, to view the damage. Brooks proceeded to the scene of the fire, where he inspected the burned property and talked to plaintiff. He instructed plaintiff to make an inventory of the merchandise which had not been completely destroyed and stated that he would come back the next day. He did not, however, return on the next day or at any subsequent time. Plaintiff prepared the inventory, and, after waiting for some time to hear from the company, turned it over to counsel whom he had employed to prosecute his claim.

On January 29, 1940, plaintiff's attorneys wrote a letter to the local agent of the defendant company, notifying it that they represented plaintiff, and stating:

"It may be that our client, Mr. C. C. Rice, has already furnished the notice required by the above policy, in which event this letter is to be considered as additional written notice of said fire loss which occurred on the 8th of December, 1939, at a dwelling located at 523 South Ninth Street, which is Lot 10 of Block 293 of the city of Durant, Oklahoma.

"In the event you have forms that you wish to be filled out, please forward these to us by return mail and we will be glad to submit said forms properly filled out."

Apparently no reply was made to this letter or to other letters written to the local agent on February 3, 1940, and May 18, 1940. On June 4, 1940, plaintiff's attorney wrote to the defendant at New York City, and on June 7th defendant answered that it was forwarding a copy of the letter to its general agents in Oklahoma City for the necessary attention.

On August 7, 1940, plaintiff commenced this action. The company defended on two grounds, (1) that the fire was willfully set by plaintiff, and (2) that no proof of loss had been furnished as required by the terms of the policy. At the trial the evidence in regard to the origin of the fire was in conflict and would probably have sustained a verdict for either party. There was no dispute, however, as to the facts outlined above. The jury returned a verdict in favor of

plaintiff, and from a judgment entered thereon defendant appeals.

1. Defendant first contends that plaintiff had no right to maintain the suit because he had not furnished defendant proof of loss as required by the policy. We do not agree. That defense is precluded, under the facts in this case, by two well established rules of law, both of which grow out of the rule that an insurer is bound to exercise entire good faith in dealing with its insured. White v. Safe Guard Life Ins. Co. of New York, 94 Okla. 178, 221 P. 57.

a. The first of these rules is that where the insurer has made an investigation of the fire and acted in a manner that would lead a reasonable person to believe that it did not desire further proof, it may not thereafter rely on the failure of the insured to furnish the formal proof required by the policy, but will be deemed to have waived such requirement. Aetna Ins. Co. v. Jackson, 177 Okla. 345, 60 P. 2d 210; Springfield F. & M. Ins. Co. v. Booher, 102 Okla. 89, 226 P. 1028; Couch, Cyc. of Ins. Law, vol. 7, § 1577.

b. The second rule is that where the insured, in attempting in good faith to comply with the provisions of the policy, furnishes the company, within the time stipulated, what is apparently intended as a proof of loss, the company must point out particularly any defects therein if it intends to rely on them. If it retains the proofs without objection, it will be held to have accepted them as a sufficient compliance with the provisions of the policy. White v. Safe Guard Ins. Co. of New York, above; Aetna Ins. Co. of Hartford, Conn., v. Powers, 190 Okla. 116, 121 P. 2d 599; Couch, Cyc. of Ins. Law, vol. 7, § 1592; Appleman, Insurance Law and Practice, vol. 5, § 3555.

Under the circumstances above outlined, we are of the opinion that all reasonable men would agree that plaintiff was justified in assuming that the company was satisfied with the investigation made by its agent on December 9, 1939, and the letter from plaintiff's attorney on January 29, 1940, and did not desire further proof. Under the authorities above cited the defendant will therefore be deemed (a) to have waived the requirements of the policy in regard to formal proof, and (b) to have accepted the letter as sufficient compliance with the terms of the policy.

It is true that plaintiff did not plead a waiver of the requirements of the policy, but the proof in regard thereto was admitted without objection, and since an amendment would have been proper at the trial, we will consider the pleadings as amended to conform to the proof. Rosser-Moon Furniture Co. v. Harris, 191 Okla. 607, 131 P. 2d 1004.

2. Defendant next complains of the refusal of the trial court to give its requested instruction No. 2, which in effect told the jury that if they found that plaintiff failed to file a sworn proof of loss in accordance with the provisions of the policy, their verdict should be for defendant. As we have seen, under the undisputed evidence, the defendant as a matter of law waived the requirement of formal proof and accepted the defective proof as sufficient. There was, therefore, no error in refusing the requested instruction.

3. Defendant finally urges that the court erred in admitting the inventory, above referred to, in evidence. Plaintiff testified that he and an employee prepared the inventory shortly after the fire and that he checked it carefully. The plaintiff could have referred to it to refresh his memory (Hodges v. Reynolds, 170 Okla. 343, 40 P. 2d 1025; 20 Am. Jur. 798) or he could have read it to the jury. 20 Am. Jur. 798. And if plaintiff had been then unable to state the facts so recorded, the inventory would have been admissible in evidence, not as independent proof, but to supply the details of what he had sworn to generally. Hodges v. Reynolds, above; First National Bank of Enid v. Yeoman, 14 Okla. 626, 78 P. 388. In view of these facts, as well as the fact that defendant makes no contention that the verdict of $353.74 was excessive, we are of the

opinion that the alleged error was harmless.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. CORN, C. J., and DAVISON, J., absent.