EQUELS, Adm'x, v. TULSA CITY LINES, Inc., et al.

No. 30598. April 4, 1944.

*147 P. 2d 460.*

Ward & Ward, of Tulsa, for plaintiff in error.

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for defendants in error.

PER CURIAM. This action was commenced by Ollie Jane Equels, administratrix of the estate of William Alonzo Equels, deceased, against Loren Larkin and Tulsa City Lines, Inc., a corporation, to recover damages for the death of the said William Alonzo Equels, which resulted from the collision of an automobile and a bus at the intersection at Houston and Fifth streets in Tulsa, Okla. A trial to the jury resulted in a judgment for the defendants, and plaintiff appeals. The parties will be referred to in the opinion by their trial court designation and William Alonzo Equels will be referred to for convenience as the decedent.

The record discloses that decedent was killed when a Ford car driven by Eddie Stone in which he and a woman passenger were riding collided with a bus driven by Loren Larkins. The bus was making a left-hand turn from Fifth street into Houston street. The bus had been going west, had stopped at the stop line at the intersection of Fifth and Houston streets, and was in the process of turning left when it was struck by the oncoming automobile driven by Eddie Stone.

The plaintiff introduced evidence tending to prove that the proximate cause of the injury was a failure of the bus driver, Larkin, to drive the bus past the center of the intersection of Houston and Fifth streets before beginning his left-hand turn. The defendants introduced evidence tending to establish that the automobile driven by Eddie Stone was going at an excessive rate of speed and that decedent and all the persons in the automobile were intoxicated.

There are nine specifications of error. These will be considered in their order. Specifications of error Nos. 1 and 2 present the argument that the trial court erred in refusing to give certain instructions, the first one to the effect that it was the duty of the driver of the bus to go beyond the center of the intersection of Fifth street and Houston street before beginning the left-hand turn. We are of the opinion, and hold, that there was no error in failing to give this instruction. The question had been properly presented by an instruction to the effect that the ordinance of the city of Tulsa with relation thereto had been introduced in evidence and that a violation thereof was prima facie evidence of negligence. Where the instructions given reasonably state the law applicable to the case, this court will not reverse the cause for a refusal to give a particular instruction requested by the plaintiff. Breshears v. Wright, 180 Okla. 553, 71 P. 2d 455; Kansas, O. & G. Ry. Co. v. Pruitt, 191 Okla. 131, 128 P. 2d 231; Hartman v. Dunn, 186 Okla. 9, 95 P. 2d 897. In these specifications of error plaintiff also complains of a failure to instruct the jury that if the automobile in which decedent was riding reached the intersection of Fifth and Houston streets before the defendants' bus did, then and in that event decedent had the right of way. Instruction No. 17 is almost in that identical language and this alleged error is without merit.

In specification of error No. 3 plaintiff claims that the trial court did not submit the proper measure of damages to the jury. We have examined the instructions relating to the measure of damages and find them free from error in the absence of a requested instruc-

tion on the measure of damages. The verdict for the defendants makes this claimed error moot.

In specification of error No. 4 it is claimed that the trial court erred in allowing evidence to be introduced tending to show that decedent had not lived with the plaintiff but was claiming to be married to and had lived with two other women, and was living with one of these women whom he held out to be his wife at the time of his death. We are of the opinion, and hold, that this character of evidence was competent for the purpose of helping the jury determine the amount of damages that plaintiff might be entitled to recover. Tackett v. Tackett, 174 Okla. 51, 50 P. 2d 293; Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 P. 428. This court has held that it is the duty to allege and prove the existence of the beneficiaries named in the statute to whom the action survives in the case of wrongful death and in addition thereto it is necessary to prove pecuniary loss.

In specification of error No. 5 plaintiff asserts that the court erred in submitting the issue of intoxication to the jury. There was evidence of intoxication and the court did not err in submitting this issue to the jury. Lynn v. Goodwin, 170 Cal. 112, 148 P. 927; Franco v. Vakares, 35 Ariz. 309, 277 P. 812. Specification of error No. 6 is that it was error to submit the issue of contributory negligence to the jury. In Franco v. Vakares and Lynn v. Goodwin, supra, the court held that it was proper to submit the issue of intoxication in connection with the issue of contributory negligence where there was competent evidence to show that the proximate cause of the accidental injury was intoxication. There was no error in submitting the issue of contributory negligence to the jury in the case at bar.

Specification of error No. 7 is a reiteration of specification of error No. 4 dealing with the evidence tending to disclose the degree of damage sustained by the plaintiff. Specification of error No. 8 is a reiteration without argument and authorities of all of the former specifications of error.

We have reviewed the record and the authorities cited in the brief of plaintiff in error, and are convinced that substantial justice has been done, and there being no error in the judgment of the trial court, it is in all respects affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.

---

ARNOLD, J. (concurring specially). I do not think the instruction of the court on the legal effect of driving a car while under the influence of intoxicating liquor in negligence actions is correct, and I am of the opinion that the one given constituted prejudicial error. We·have held contrary to my view of this matter (Western States Grocery Co. v. Mirt, 190 Okla. 299, 123 P. 2d 266), and for this reason, since I agree with the other principles of cases stated, I concur.