AETNA INS. CO. v. RALLS.

No. 33035.   Jan. 13, 1948.

Rehearing Denied March 9, 1948.

*190 P. 2d 787.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Bond & Bond, of Duncan, for defendant in error.

CORN, J.   N. H. Thomas, a nominal party defendant herein, was the owner of an automobile upon which plaintiff held a chattel mortgage securing the balance due upon the purchase price. January 12, 1945, the defendant, through its agent at Duncan, Okla., issued a policy of insurance covering, among other casualties, loss of the car by fire. The policy contained the following provisions:

"Loss Payee: Any loss hereunder is payable as interest may appear to the Insured and Manton Ralls, Address Duncan, Oklahoma."

On February 24, 1945, the vehicle was totally destroyed by fire. Plaintiff notified defendant's agent of the loss, and an adjuster was sent who investigated the loss, discussed the matter with plaintiff and assumed charge of the remains of the car. At different times this adjuster discussed the matter with plaintiff, in person, and by telephone when plaintiff would make inquiry concerning status of the claim at insured's direction.

Plaintiff made numerous inquiries as to the progress being made in adjusting the claim. Upon different occasions he was advised that for various reasons, that is, heavy business preventing them from getting around to the claim; heavy losses in other parts of the state requiring the adjusters' services there; waiting upon further salvage bids, defendant being unable to do anything until that was disposed of, the claim had not been settled. The testimony disclosed that during the summer this adjuster advised plaintiff the best salvage bid was from a certain firm and told him to sell the car. This plaintiff did, applying the proceeds upon the indebtedness, leaving due the sum of $460, the amount plaintiff asked to recover.

On May 7, 1945, plaintiff received one letter from the adjuster advising plaintiff he felt they would soon have the information necessary to complete settlement. September 14, 1945, in response to inquiry, defendant wrote plaintiff's attorneys that no adjustments had been completed with Thomas, and that the claim was under supervision of an officer who was away, but who would reply directly to the attorneys upon his return. November 15, 1945, this officer wrote, stating only that the matter was in the hands of an adjuster.

January 22, 1946, plaintiff brought this action to recover the sum of $460 due upon his mortgage. The mortgagor, Thomas, was made a party defendant and served with summons, but did not enter appearance. At the close of the testimony defendant demurred to plaintiff's evidence. The demurrer was overruled and defendant elected to stand thereon and moved the court to instruct a verdict for defendant. Plaintiff moved the court to direct the jury to return a verdict for plaintiff, which was done, and the court thereafter entered judgment for plaintiff.

To reverse this judgment defendant relies upon two propositions: It is first contended that the "loss payable" clause, providing the loss is payable to the insured and his mortgagee, as their interests may appear, does not create a separate contract of insurance for the mortgagee's benefit, as in the case of the "union" or standard" mortgage clauses; but merely designates the mortgagee as appointee of the fund, whose rights are dependent upon, and no greater than, those of the insured.

Defendant argues that, although made a party to the action, the insured made no claim and asked no relief against defendant, the action being maintained solely by plaintiff as the loss payee. Upon this basis defendant contends, in effect, that the "loss payable" clause did not create such a contract between the insurer and the mortgagee as entitles the mortgagee to proceed in his own name to recover for loss arising under the policy. To sustain this argument defendant cites decisions of this court, and cases from other jurisdictions, to the effect that a "loss payable" clause merely makes a mortgagee the appointee of the funds, with rights dependent upon, and no greater than, those of the insured. Principally relied upon are Fidelity-Phoenix Fire Ins. Co. v. Cleveland, 57 Okla. 237, 156 P. 638, and Aetna Ins. Co. v. O. E. Woods Lumber Co., 182 Okla. 65, 76 P. 2d 273, both of which announce this rule.

However, consideration of these decisions (as well as those from other courts) reveals that they do not extend

the rule to the length urged by defendant. In no instance is the rule laid down that the mortgagee has no right of action. The application of the rule is limited to instances where the policy of insurance is void, or the insured's cause of action fails upon some particular ground as in the Woods Lumber Company cases, supra, where that statute of limitations already had run against the insured.

In 29 Am. Jur., Insurance, §1411, is found the following statement.

" . . . Under the modern practice acts, however, requiring all actions to be brought in the name of the real party in interest, it is the general rule that where the mortgage equals or exceeds the loss under a policy containing a loss payable clause, the mortgagee is the proper person to bring suit, even though he has assigned the mortgage, if he has guaranteed its payment. . . ."

Application of the rule is found in Fuller v. United States Fire Ins. Co. (Kan.) 231 P. 53, where that court, in affirming the mortgagee's right to sue and recover upon the policy, remarked that essentially the same contention as is now advanced in the present appeal "is not sound."

Plaintiff could not force the mortgagor to prosecute his claim for a loss arising under the policy. But, plaintiff did have an interest in the subject matter which he was entitled to protect. Under the authority of 12 O. S. 1941 §232, plaintiff joined the insured as a party defendant. A judgment for or against plaintiff thus was conclusive upon all the parties, defendant having opportunity to assert all the defenses available had the action been brought in the name of the insured. See Black v. Donelson, 79 Okla. 299, 193 P. 424; National Bank of Commerce at Hugo v. Whitten, 190 Okla. 449, 124 P. 2d 990.

Defendant's second contention is that where the evidence is insufficient to establish (a) ownership of the property, (b) value at time of the loss, (c) furnishing proof of loss signed and sworn to by insured, and there is no waiver of proof of loss, it is error to overrule defendant's motion for directed verdict and motion for new trial.

Defendant asserts that the positive provisions of the policy required proof of loss signed and sworn to by the insured, and in the absence of such proof of loss the assured cannot maintain a cause of action. Further, that the positive testimony established that no proof of loss was ever made herein, and under the decisions of this court, where plaintiff fails to plead and prove making and filing of proof of loss, a demurrer to the evidence should be sustained. Cited by defendant as supporting this rule are Aetna Ins. Co. v. Hughes, 120 Okla. 7, 249 P. 908, and Continental Ins. Co. v. Portwood, 184 Okla. 22, 84 P. 2d 435.

There was testimony establishing ownership and value of the automobile. The petition alleged the conduct of defendant's agent induced plaintiff to believe no formal proof of loss was required, and thereby prevented plaintiff from making the proof of loss required by the policy. The evidence relied upon by plaintiff as establishing waiver of this requirement already has been noted. This evidence was entirely sufficient to justify the trial court in concluding that plaintiff was led to believe that it was unnecessary to furnish formal proof of loss.

Where an insurance company, after notice of loss, investigates the matter and acts in a manner which would lead a reasonable person to believe that it does not desire further proof, it may not thereafter rely on the failure of the insured to supply the formal proof required by the policy, but will be deemed to have waived such requirement. American Home Fire Assur. Co. v. Hargrove 10 Cir., 109 F. 2d 86; State Mut. Ins. Co. v. Green, 62 Okla. 214, 166 P. 105, L.R.A. 1917F, 663; Springfield Fire & Marine Ins. Co. v. Booher, 102 Okla. 89, 226 P. 1028; Aetna Ins. Co. v. Jackson, 177 Okla. 345, 60 P. 2d 210; Continental Ins. Co. of N. Y. v. Portwood, supra; Connecticut Fire

Ins. Co. v. Youngblood, 199 Okla. 227, 184 P. 2d 792; Century Ins. Co., Ltd., etc., v. Rice, 193 Okla. 418, 144 P. 2d 953.

Supersedeas bond having been filed herein judgment is rendered accordingly in favor of plaintiff thereon.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.