HARTFORD FIRE INS. CO. v. CLARK.

No. 34476.   Dec. 4, 1951.

*238 P. 2d 327.*

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for plaintiff in error.

Wm. G. Davisson, Ardmore, for defendant in error.

BINGAMAN, J. The plaintiff, J. T. Clark, sued the defendant insurance company for the proceeds of insurance on his dwelling house and contents in the amount of $1,800. This represented $1,200 on the dwelling house and $600 on the contents. It was conceded the loss by fire equalled or exceeded the face amount of the policy and if the plaintiff was entitled to recover at all he was entitled to recover the entire sum. From a judgment in favor of the plaintiff, the insurance company appeals.

There was no issue over the fact of the fire and the existence of the insurance in full force and effect.

For reversal, the insurance company argues five propositions: (1) That plaintiff failed to prove either the furnishing or waiver of proof of loss; (2) that the plaintiff settled with the person causing the fire and thereby deprived the insurance company of its right of subrogation; (3) errors in the admission of testimony; (4) errors in the giving of instructions; and (5) error in refusing requested instruction.

No formal written proof of loss was furnished by the insured to the company. Following the fire the plaintiff notified the local agent, who in turn informed the state agent, and the following day an adjuster presented himself at the scene of the fire. The adjuster took oral statements from the insured and members of his family as to the time and origin of the fire, the cause thereof and of the property destroyed. It appears it was then mutually agreed between the adjuster and the insured that the loss exceeded the limits of the policy and also that a cause of action for the value of the property destroyed by fire in a sum substantially in excess of the policy limits existed against the person causing the fire. With this information the adjuster returned to his office and a few days later another representative of the insurance company called for the purpose of settling the insurance claim. This representative then offered to pay to the plaintiff the full proceeds of the policy, but requested the insured to execute an assignment, subrogating the insurance company to his claim against the person causing the fire. The insured refused to do this because the assignment purported to assign all of his cause of action to the insurance company and not just the proportionate part covering the $1,800 insurance being paid. A dispute exists between the parties as to whether the adjuster then demanded that the insured sign a blank proof of loss. Subsequent efforts were made to obtain written assignments to carry out the subrogation and finally, after counsel had been employed by the insured, proper and acceptable subrogation agreements were executed and delivered to the insurance carrier. During these negotiations no demand was made by the insurance company for the execution of any proof of loss and no complaint was made in regard thereto. These negotiations were finally broken off, not because of any failure to furnish proof of loss, but because the insurance company contended that during the negotiations the insured had settled with the person causing the fire and had thereby destroyed its right of subrogation. The insured contends this conduct on the part of the insurance company constituted a waiver of a formal proof of loss, and with this contention we agree.

In the recent case of Aetna Ins. Co. v. Ralls, 200 Okla. 32, 190 P. 2d 787, in considering a similar situation where no proof was made, but where the insurance company entered into negotiations in regard to the settlement of the loss, we held:

"Where an insurance company, after notice of loss, investigated the matter

and acts in a manner which would lead a reasonable person to believe that it does not desire further proof, it may not thereafter rely on the failure of the insured to supply the formal proof required by the policy, but will be deemed to have waived such requirement."

To this same effect are other cases from this court, including Century Ins. Co., Ltd., v. Rice, 193 Okla. 418, 144 P. 2d 953; Aetna Ins. Co. v. Jackson, 177 Okla. 345, 60 P. 2d 210; Springfield Fire & Marine Ins. Co. v. Booher, 102 Okla. 89, 226 P. 1028; State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 P. 105; Connecticut Fire Ins. Co. v. Youngblood, 199 Okla. 227, 184 P. 2d 792; Home Ins. Co. v. McClaran, 197 Okla. 48, 168 P. 2d 306.

It is next contended by the insurance company that the insured has settled his claim with the person who caused the fire and has thereby deprived it of the right of subrogation. It is true the insured did receive furniture to the admitted value of more than $1,000 from the person alleged to have caused the fire, but it is denied by the insured that he received this in settlement of the claim. He simply says he took it on account and still has his claim against such person. To substantiate this he shows that he has instituted suit to recover the sum of $9,800, less credit for the furniture furnished to him. It was admitted in the stipulation and agreement between Clark and the insurance company, which was not signed by the insurance company, because of the information in regard to the alleged settlement as a result of which they denied liability, that the amount of the loss as a result of the fire was probably $7,500. There was a conflict on this issue of settlement and the court submitted it to the jury under proper instruction. The jury found adversely to the insurance company. The evidence of the plaintiff was ample to sustain this finding.

"Since this is an action of legal cognizance, as distinguished from one of equitable cognizance, the verdict of the jury is deemed to include specific findings in favor of the prevailing party upon all issues of fact, and it is not within our province to disturb such findings unless there is an absence of evidence in the record reasonably tending to support the same." Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660.

To the same effect are Magnolia Petroleum Co. v. Norton, 189 Okla. 252, 116 P. 2d 893, and Wood Oil Co. v. Washington, 199 Okla. 115, 184 P. 2d 116.

The insurance company complains about the admission of the testimony of the attorney for the plaintiff in regard to negotiations between the insured and the person alleged to have caused the fire which occurred in his office. This testimony went directly to the proposition of whether a settlement was there made between the insured and this other party. It directly contradicted the testimony of the insurance company's witness, on the issue of settlement. It was therefore admissible for impeachment purposes. It was also direct testimony as to whether there occurred a settlement between the parties at that particular time and place. It did not therefore depend upon the veracity or competency of some other person but was of matters directly within the knowledge of the witness. It was not, therefore, hearsay. 20 Am. Jur. Evidence, par. 451.

The fourth proposition questions the sufficiency of the instructions given. No authorities are cited in support of this proposition. We have considered these instructions carefully, and considering the same as a whole and construing them together, the instructions fairly submit the issues to the jury. The same are therefore sufficient. Labenne v. Kaufman, 184 Okla. 565, 89 P. 2d 281; Equels v. Tulsa City Lines, Inc., 194 Okla. 79, 147 P. 2d 460; Breshears v. Wright, 180 Okla. 553, 71 P. 2d 455.

Finally complaint is made over the refusal to give requested instruction No. 2. The matters covered in this re-

quested instruction were submitted to the jury under the instructions given and as stated in Breshears v. Wright, supra:

"Where the instructions given reasonably state the law applicable to the case, this court will not reverse the cause for a refusal to give a particular instruction requested by the plaintiff in error."

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.