Hatten L. LEDFORD, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPA-
NY, Hartford, Connecticut, Defendant.

No. 70-291 Civ.

United States District Court,
W. D. Oklahoma.

Oct. 27, 1970.

Don Porter, Oklahoma City, Okl., for
plaintiff.

Clarence Green, of Green & James,
Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

ORDER

Defendant has moved for summary
judgment, and its Motion is confined to
the issue of punitive damages. Plaintiff
has responded with a Motion in Denial
of Summary Judgment, which the Court
will consider as a Response, rather than
a Motion. Defendant contends that no
genuine material issue of fact exists in
the case with respect to Plaintiff's claim
for punitive damages and that Plaintiff
is not entitled to such damages as a mat-
ter of law.

According to the undisputed facts,
Plaintiff was insured by Defendant
against losses arising out of fire or due
to theft of household goods owned by
Plaintiff. Plaintiff's residence was
damaged by fire, and a contractor was
called in to effect the necessary repairs.
During the time the contractor was in
possession of the residence, certain of
Plaintiff's goods disappeared, evidently
stolen. Plaintiff has sued for losses of
household goods damaged by the fire
and also stolen while repairs were un-
derway. Part of Plaintiff's loss of
household goods caused by the fire has
been paid by Defendant, but Plaintiff's
claim for the goods apparently stolen
during repairs has not been settled.

The bases for Plaintiff's claim for pu-
nitive damages are that the contractor
was grossly negligent in failing to pro-
tect the contents of his residence during
the repairs and was the agent of De-
fendant so that such gross negligence is
imputable to Defendant, and that the
Defendant has been guilty of oppression
and bad faith in failing to settle the
Plaintiff's claim under the policy.

Defendant contends that the con-
tractor was not its agent, but rather an
independent contractor. In support of
this claim, Defendant presents an affi-
davit by an officer of the contracting
firm which states that all work was
done free from the control or direction
of the Defendant, and further that it
was hired by Plaintiff. Plaintiff quotes
testimony from the deposition of De-
fendant's adjuster, but the Court finds
nothing in the quoted testimony or the
entire deposition which opposes in any
degree the statements contained in the

affidavit. In fact, the adjuster stated Defendant never hired a contractor for this type of repair work and did not do so in this instance. Defendant has, therefore, sustained its burden of establishing that no genuine, material issue of fact exists with respect to the status of the contractor and is entitled to partial summary judgment on such issue.

Defendant next contends that Plaintiff may not maintain a claim for punitive damages on the theory that it has handled his claim oppressively. It argues that Plaintiff has elected to proceed in contract, that Plaintiff's claim for actual damages arises out of contract and that punitive damages may be allowed only on actions not arising out of contract. 23 Okl.St.Ann. § 9 provides that punitive damages may be allowed only in non-contract forms of action triable before a jury. Plaintiff argues that he has a tort cause of action arising from an alleged breach of a duty to exercise good faith by the Defendant's adjuster, citing Century Ins. Co., Limited of Edinburgh, Scotland v. Rice, 193 Okl. 418, 144 P.2d 953 (1944) and Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education, 201 Okl. 250, 204 P.2d 982 (1949). These cases do not reach the question here involved, which is whether the adjuster owes the insured a duty in tort to adjust the insured's claim. The Court has previously considered this question in Renfroe v. Preferred Risk Mutual Ins. Co., 296 F.Supp. 1137 (D.C.Okl.1969), and found such a duty wanting in Oklahoma law.

It appears that Plaintiff's claim for punitive damages for the alleged oppressive manner in which his claim has been handled is defective for two reasons: First, his action herein is based on and arises out of the contract of insurance with the Defendant, and Second, the losses pleaded by Plaintiff other than punitive damages appear to be covered by the terms of the policy, thus, no actual damage in tort is pleaded to support the claim for punitive damage. Moral Ins. Co. v. Cooksey, 285 P.2d 223 (Okl. 1955).

Defendant's Motion for Summary Judgment, considered herein as a Motion for Partial Summary Judgment going to the question of punitive damages only, is granted to that extent, and Plaintiff's action is limited to his claims for actual damages.