## ST. LOUIS & S. F. R. CO. v. BONHAM.

No. 6143. Opinion Filed October 13, 1914.

(143 Pac. 660.)

**APPEAL AND ERROR**—Dismissal. A case-made, duly served, was filed in the clerk's office on November 20, 1913. It was not settled and signed by the trial judge until November 22, 1913. Held, that such filing before the same was settled and signed by the trial judge was a nullity and gave no force or virtue to the purported case-made, and where such a purported case-made remains in this court until after the expiration of the statutory time for perfecting the appeal, a motion to dismiss will be sustained.

(Syllabus by the Court.)

*Error from County Court, Washita County;*
*L. R. Shean, Judge.*

Action between the St. Louis & San Francisco Railroad Company and John Bonham. From the judgment, the railroad company brings error. Appeal dismissed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Brett & Billups,* for defendant in error.

TURNER, J. Motion is made to dismiss this appeal on the ground that the case-made has not been prepared, served, or filed as required by statute. Judgment was rendered in the

trial court on September 16, 1913. Motion for new trial was overruled on September 23, 1913, and defendant granted 60 days in which to make and serve case-made. The case-made was served on November 7, 1913, and filed in the office of the clerk of the county court of Washita county on November 20, 1913. It was settled and signed by the trial judge on November 22, 1913. The filing of the case-made in the office of the clerk of the trial court on November 20, 1913, before the same had been settled and signed by the trial judge was not such a filing as is required by law (Rev. Laws 1910, secs. 5242, 5244), and was a nullity. *Brooks v. United Mine Workers of America*, 36 Okla. 109, 128 Pac. 236. The record before us is not yet a case-made, and can never become one. The time for prosecuting this appeal has long since expired, and no order of this court can give life to a record that never had existence. The purported case-made, while sufficiently certified as a transcript of the record, will not be considered as such, for the reason that the errors complained of are such that cannot be considered on a transcript of the record.

It follows that the appeal should be dismissed. It is so ordered.

All the Justices concur.