## BROWN et al. v. GARDNER.

No. 16162—Opinion Filed April 14, 1925.

(Syllabus.)

**1. Appeal and Error—Failure to Perfect Appeal—Filing Case-Made Before Settlement.**

A case-made, duly served, was filed in the clerk's office on February 2, 1925. It was not settled and signed by the trial judge until February 20, 1925. Held, that such filing before the same was settled and signed by the trial judge was a nullity and gave no force and virtue to the purported case-made, and where such a purported case-made remains in the Supreme Court after the expiration of the statutory time for perfecting the appeal, it gives this court no jurisdiction of the proceeding in error as a case-made.

**2. Same—Defective Case-Made as Transcript—Review.**

Though a case-made not filed with the clerk of the trial court as required by law be certified to as a transcript, unless it presents questions properly reviewable on a transcript, it will not be considered for any purpose.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action between R. H. Gardner and Frank Brown and Laura Brown. Motion to set aside judgment, etc., overruled, and the latter bring error. Dismissed.

E. C. Patton and Joe Adwon, for plaintiffs in error.

Chastain & Harris, for defendant in error.

PER CURIAM. This appeal is by petition in error with case-made attached, to review the order of the trial court overruling motion to quash service of summons, set aside judgment, and to recall and set aside writ of assistance in a foreclosure proceeding.

Defendant in error moves to dismiss the appeal upon the ground that the case-made was not filed in the office of the clerk of the district court as required by law. The case-made shows to have been filed in the district court on February 2, 1925, but was not settled and signed by the trial judge until February 20, 1925. The case-made does not show to have been refiled in the clerk's office after it was settled and signed.

In St. Louis & S. F. Ry. Co. v. Bonham, 43 Okla. 637, 143 Pac. 660, it is said in the syllabus:

"A case-made duly served, was filed in the clerk's office on November 20, 1913. It was not settled and signed by the trial judge until November 22, 1913. Held, that such filing before the same was settled and signed by the trial judge was a nullity and gave no force or virtue to the purported case-made, and where such purported case-made remains in this court until after the expiration of the statutory time for perfecting the appeal, a motion to dismiss will be sustained."

The order complained of in this case was made on August 23, 1924; therefore, the statutory time for bringing the appeal has expired. In these circumstances this court is without jurisdiction of the appeal to review questions which can be presented by case-made only.

Plaintiffs in error contend in their response that the only error assigned on appeal, which is the action of the trial court in overruling motion to quash service of summons upon the ground that summons was not served upon Laura Brown, may be reviewed upon the record proper, as the case-made is certified to as a transcript. The sheriff's return on the summons recites that service was made upon Laura Brown by delivering a copy of the summons to her in person, and at the hearing upon motion to quash the only alleged defect or irregularity in the service sought to be established neither appeared from the face of the summons nor the return thereon.

In the case of School District No. 1, Pontotoc County, v. Vinsant, 27 Okla. 731, 113 Pac. 714, it is said:

"A motion presented to the trial court to quash service of summons upon the ground that defendant was a nonresident of the county in which the action was instituted, and that service of summons was made upon him while he was within the county in attendance upon the court under its process, and the ruling of the court thereon, are not properly part of the record and can only be preserved and presented for review on appeal to this court by incorporation of the same in a bill of exceptions or case-made."

As the petition in error presents no question reviewable upon transcript, there is nothing before this court. The appeal is therefore dismissed.

Note.—See under (1) 4 C. J. p. 357, § 2007; p. 377, § 2046 (1926 Anno); p. 378, § 2048. (2) 4 C. J. p. 387, § 2048.