### ISABELLE v. EDDINGS et al.

No. 16495—Opinion Filed April 13, 1926.

Motion to Reinstate Denied June 8, 1926.

1. **Appeal and Error—Case-Made Filed Before Settlement a Nullity.**

"Where the case-made is filed in the court clerk's office before it is settled and signed by the trial judge, and not filed after it is settled and signed, it is a nullity, and gives this court no jurisdiction to consider any error therein complained of." (Davis et al. v. DeGeer et al., 91 Okla. 111, 216 Pac. 156); and where the record is not certified by the court clerk as a transcript, nothing is presented for review.

2. **Same—Dismisssal.**

Record examined, and held, that the Supreme Court has no jurisdiction to examine the assignment of errors presented, and that the appeal should be dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by Thomas Pascal Isabelle, by Ed Bond, next friend, against A. F. Eddings et al., No. 4543; and The Lambert Lumber Company, a corporation, against Thomas Pascal Isabelle et al., No. 4716; and O. E. Woods Lumber Company et al. v. Thomas Pascal Isabelle et al., No. 4946. Causes consolidated and tried together. From the judgment, Thomas Pascal Isabelle prosecutes appeal. Appeal dismissed.

Jennings, Hall & Battenfield, and W. H. Kornegay, for plaintiff in error.

C. B. Holtzendorff and P. W. Holtzendorff, for defendants in error O. E. Woods Lumber Company and The Lambert Lumber Company.

Opinion by SHACKELFORD, C. The defendants in error have moved the court to dismiss the appeal for the reason that it has not been prosecuted in the required statutory manner so as to confer jurisdiction upon the court here.

A journal entry of judgment was signed by the trial judge under date December 10, 1924. This journal entry was filed February 26, 1925. Under date of February 16, 1925, another journal entry was signed by the trial judge, fixing the rights of some of the parties to the litigation. This journal entry was filed March 9, 1925. The plaintiff in error filed his motion, for a new trial on the 19th day of February, 1925. This motion was overruled by the court, but it

is not made plain by the record when the order was made overruling it. On the 16th of March, 1925, an order was made extending the time 60 days to make and serve case-made, and on the same day another order was made extending the time 60 days from March 20, 1925. It seems that the time granted would expire about the 20th of May, 1925. On the 18th day of May, 1925, the attorneys for the plaintiff in error certified the record as a complete case-made, and on the same day it was filed in the consolidated case. That is to say, that on the 18th day of May, 1925, the record so made up was marked "filed" in the district court of Rogers county. A notice was mailed on the 18th day of May, 1925, that the case-made and a copy thereof had been filed. On the 1st day of June, 1925, the attorneys for all the parties, defendants in error here, accepted service of notice that the record would be presented to the trial judge for settlement and signing on the 6th day of June, 1925. This acceptance of service was filed in the district court on the 5th of June, 1925. Under date June 6, 1925, the trial judge signed an order purporting to settle the case-made. This order bears the attest. signature, and seal of the court clerk of Rogers county. The latest filing stamp upon any part of the record appears upon the acceptance of service of notice of the presentation of the record to the trial judge for signing and settlement, that is, as of June 5, 1925. There appears nowhere in the record a certificate or authentication of the record by the court clerk of Rogers county. The petition in error with what is denominated "plaintiff's case-made" was filed in the Supreme Court on June 9, 1925.

The service of brief of defendants in error, embracing therein a motion to dismiss the appeal, was accepted October 2, 1925, and proof of such acceptance was filed here October 5, 1925. No response to the motion to dismiss the appeal has been presented. The case is now before the court on regular assignment for disposition.

The question arises here as to whether or not the petition in error, with its attached purported copy of the record, confers jurisdiction upon the Supreme Court to examine the assignments of error presented.

Section 785, Comp. St. 1921, provides, among other things, the following:

"The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It

shall then be filed with the papers in the case."

This part of the section is applicable where there are no more than two of the opposing parties, or where the service of the case is made in the usual manner by delivery of a copy, regardless of the number of the opposing parties. Where the opposing parties, or some of them, are non-residents, or the opposing parties are numerous, that is, more than two, the service of the case-made is not required to be by delivery of a copy, but may be served by filing the original and a copy with the court clerk within the time provided by law or by an order of the court extending the time for service. In this case the opposing parties are numerous and the service of the case is permitted by filing the original and a copy with the court clerk, notice of the filing to be given as provided. The original case-made was filed with the court clerk, and the statutory notice was given the opposing parties, showing that the original and a copy were filed, and proper proof of service seems to have been made, as appears in the case-made here presented. The further provision of the section is:

"And in all such cases it shall be sufficient for the suggestion of amendments to the case-made that the same be filed with the clerk of the trial court within the time allowed for suggesting amendments; and at the expiration of such time for suggesting amendments, or thereafter, the judge of the court shall, at the suggestion of either party, without farther notice, examine the case-made, together with any suggested amendments, and settle and sign the same, according to the true facts of the case, and direct its attestation, sealing, and filing by the clerk."

Thus it seems that, whatever the manner of service adopted, the plain provisions of the section require that after the case-made is examined, settled, and signed by the trial judge, he shall cause the order to be attested, signed, and sealed by the court clerk, and the case-made so settled, signed, attested, and sealed shall be filed with the papers in the case before it is a fully authenticated case-made. After such filing it is to be withdrawn and filed here with petition in error.

In this case, the opposing parties being numerous, service of the case-made was properly had by filing the original and a copy with the court clerk, followed by giving the parties the statutory notice. The record purports to show that the statutory notice was given, but it does not appear from the record that proof of the service of the statutory notice was filed with the papers

by the court clerk. Under the Code provision it was necessary to file a proof of service of this notice. The provision is:

"And it shall be sufficient to prove the service of such notice by filing a copy thereof, to which is attached the affidavit of a reputable person that the same was deposited on or before the date of filing the case-made, in the United States mail, duly registered and properly addressed," etc.

This part of the section plainly means that to complete the service of the notice, the required proof of service shall be filed with the court clerk. The record does not show that the proof of service of the statutory notice was filed with the court clerk.

As above noted, the extension of time expired on the 20th of May, 1925. The original and copy were filed with the court clerk on the 18th of May, 1925, and the statutory notice given. This was proper service. After the time expired to suggest amendments, the record was due to be presented to the trial judge without further notice. A notice, however, was given, accepted by the parties, and the acceptance filed with the court clerk, the presentation to the trial judge to be made on the 6th of June, 1925; and the presentation seems to have been made on that date and the case settled, signed by the judge, attested by the clerk, and sealed and signed by him. In the certificate of the trial judge appears this language:

"And hereby order the court clerk of said court to attest the same with the seal of said court."

It does not appear in the certificate that the trial judge ordered the record to be filed in the case. No filing marks of the court clerk appear upon the record later than as of June 5, 1925.

This record does not comply with the statutory provisions in two essential particulars: First, there was no proof of service of notice of the filing of the case-made with the court clerk ever filed in the trial court as the statute directs. Second, the case-made was never filed in the trial court as the statute directs, after said case-made was settled and signed by the trial judge.

In Davis et al. v. DeGeer et al., 91 Okla. 111, 216 Pac. 156, it is said:

"The first question that confronts this court is the question of jurisdiction to consider the assignment of error as presented in the record and the brief of plaintiffs in error. This question is raised by the brief of defendant in error. It appears that the case-made was filed in the court clerk's office in Woods county on the 19th day of April, 1920, and the certificate of the trial judge

settling and signing the case-made, was done on the 20th of April, 1920. The case-made was filed with the court clerk before it was settled as a case-made, and was not filed after it was settled and signed by the judge. This being true, it follows, under the decision of this court, that the case-made is a nullity, and this court has no jurisdiction to consider it. St. Louis & S. F. Ry. Co. v. Bonham, 43 Okla. 637, 143 Pac. 660; Ft. Smith & Western Ry Co. v. McKee, 38 Okla. 194, 132 Pac. 497; Brooks et al. v. United Mine Workers, 36 Okla. 109, 128 Pac. 236."

The court then declared the law to be as follows:

"Where the case-made is filed in the court clerk's office before it is settled and signed by the trial judge, and not filed after it is settled and signed, it is a nullity and gives this court no jurisdiction to consider any error therein complained of."

This rule seems to be controlling here in so far as failure to file the case-made in the trial court, after it was settled and signed by the trial judge, is concerned. And, under the holding in the cited case, the case-made is a nullity and presents nothing for review. As to whether failure to file proof of notice of filing case-made by way of service would render the case-made a nullity, it is not necessary to decide; and concerning this matter we express no opinion.

The appeal is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 357 §2007; p. 377 §2046 (Anno) ; p. 441 §2154; anno. 42 L. R. A. 616; 2 R. C. L. p. 159. (2) 4 C. J. p. 580 §2390.