## DOOLITTLE, Adm'x. v. CURRENT et al.

No. 17711—Opinion Filed Oct. 19, 1926.

**Appeal and Error — Premature Filing of Case-Made With Court Clerk—Dismissal of Appeal.**

A case-made filed in the court clerk's office before the same is signed and settled by the trial judge is a nullity, and gives no force or virtue to the purported case-made, and where the statutory time for perfecting the appeal has expired the appeal will be dismissed.

Appeal from District Court, Garfield County; James B. Cullison, Judge.

Action between Rebecca Doolittle, administratrix of estate of Martin W. Conrad, de-

ceased, and Lydia Current and another. From the judgment, the former brings error. Dismissed.

F. E. Chappell, for plaintiff in error.

R. E. Smith, for defendants in error.

PER CURIAM. The sufficiency of the purported case-made is challenged in a motion to dismiss on the ground that the case-made was not filed in the office of the clerk of the district court of Garfield county, subsequent to the signing and settling of the same as required by section 785, C. O. S. 1921, and that the time for so doing has expired.

The case-made was settled and signed on August 7, 1926, by the trial judge. The same was filed by the court clerk on July 26, 1926, according to the record. Section 785, C. O. S. 1921, requires the same to be filed after suggestion of amendments, service of the case-made, and settling and signing by the trial judge. Where the case-made is not so filed in compliance with the above statute the motion to dismiss must be sustained. Motion for new trial was overruled by the trial court on February 19, 1926, and the statutory period for perfecting the appeal has expired. See Peck v. Stephens, 35 Okla. 468, 130 Pac. 276; Harmon v. McCormack, 42 Okla. 63, 135 Pac. 1052; St. L. & S. F. Ry. Co. v. Bonham, 43 Okla. 637, 143 Pac. 660; State ex rel. Gross v. American National Bank, 107 Okla. 265, 232 Pac. 52.

The appeal is dismissed.

Note.—See 4 C. J. p. 352, §1997; p. 570, §2380.