## W. T. RAWLEIGH CO. v. KELLY et al.

No. 20217.   Opinion Filed May 28, 1929.

Robinson & Oden, for plaintiff in error.

Frank Petree, for defendant in error A. A. Kelly.

W. C. Austin and D. R. Rutherford, for defendants in error W. H. Kelly and Peyton Chenault.

PER CURIAM. This is an appeal from the judgment of the district court of Jackson county.

The cause is before the court on motion of the defendants in error W. H. Kelly and Peyton Chenault, administrator of the estate of W. T. Chenault, deceased, to dismiss the appeal on the grounds that the case-made is a nullity and brings nothing before this court for review, for the reason the case-made was not filed with the court clerk after it was settled and signed by the judge who tried the cause.

The case-made was filed by the court clerk on the 12th day of March, 1929. The certificate of the trial judge, as filed, bears date of March 12, 1929. Attached to the motion to dismiss the appeal and made a part thereof is an affidavit of the court clerk that the case-made was filed in her office on March 12, 1929, and withdrawn on the same day for the purpose of filing in the Supreme Court, and that at the time the purported case-made was filed and remained in her office the same was not settled and signed by the trial judge; that if the trial judge's signature is attached to the certificate settling the case-made, it was affixed thereto after the case-made was withdrawn from the clerk's office, and such case-made was not filed in her office after same was settled and signed by the trial judge. Also attached to the motion before the court and made a part thereof is the affidavit of Frank Petree that the case-made was filed by the clerk and on the same day it was withdrawn from the clerk's office and dispatched by special messenger to Alva, Okla., and there settled and signed by Arthur G. Sutton, the judge who tried the cause. and was carried by messenger from Alva to Oklahoma City, and there filed in the office of the Clerk of the Supreme Court without having been returned to the office of the clerk of the trial court and by her filed.

No response to the motion to dismiss has been filed by the plaintiff in error, and this court will accept the statement of facts in the motion contained to be true.

Section 785, C. O. S. 1921, sets out the necessary steps to be taken to perfect a case-made and to properly authenticate the same, and among the steps provided therein, after the settling and signing by the trial judge and the attesting the same by the court clerk, is the following: "It shall then be filed with the papers in the case." This court has construed this provision as holding that where a case-made is filed in the court clerk's office before the settling and signing by the trial judge, and not filed after it is settled and signed, it is a nullity and brings nothing before this court for review. Isabelle v. Edding, 119 Okla. 26, 248 Pac. 871; Brown v. Gardner, 108 Okla. 199, 235 Pac. 534; Davis v. DeGeer, 91 Okla. 111, 216 Pac. 156, and cases therein cited.

There is another important reason why this appeal should be dismissed. The affidavit of the court clerk attached to the motion to dismiss further states that at the time she attested the certificate of the trial judge and impressed the seal of the court thereon such certificate did not bear the signature of the trial judge.

It is important that the true and correct record be presented to this court, and to insure the correctness of the record the statute requires the certificate settling the case-made to be signed by the trial judge and attested by the clerk and the seal of the court affixed as a proper authentication of the record presented by case-made, and the absence of either is fatal to the right of this court to review the record presented.

This court will take judicial knowledge that Arthur G. Sutton is judge of the district court in and for the 19th judicial district of the state of Oklahoma and that he was assigned to hold court in Jackson county at the time this cause was tried, but it will not take judicial knowledge of his signature. The purpose of requiring his signature to the settling of the case-made to be attested by the clerk of the court is to inform all concerned that he did actually sign the certificate. The seal of the court is required to be affixed for the reason this court cannot take judicial knowledge of the signature of the clerk. The court clerk is custodian of the seal and it is not presumed that anyone else will have access thereto, and no one other than the clerk could affix such seal to the certificate of the trial judge.

In this case it appears affirmatively the court clerk attested the certificate and affixed the seal of the court before the signature of the trial judge was had thereon. and that she has no knowledge of the fact of settling of said case-made or of the trial judge signing the certificate thereto.

Stroud's Judicial Dictionary (Second Series) defines the word "attest" as follows:

"Where an instrument is required to be

'attested' the meaning is, that witnesses shall be present at its execution and shall testify on it that it has been executed by the proper person. To attest an instrument is not merely to subscribe one's name to it as having been present at its execution, but includes also, essentially the presence, in fact, at execution, of some disinterested persons capable of giving evidence as to what took place."

In Anderson's Law Dictionary, the word "attest" is defined thus:

"To bear witness to; to signify by subscription of his name, that a person has witnessed the execution of the particular instrument. In a true sense, to witness; or bear witness to."

The definitions above given are the accepted definitions of the text-writers on this subject as may be applied in the instant case. Before the court clerk is authorized to attest the certificate and signature of the trial judge to a case-made and affix the seal of the court thereto, she must have such information as to be able, if called upon, to make oath that the trial judge actually signed the certificate and that she was directed by the trial court to attest the same, and which the court clerk in this case, by her affidavit, in substance, says she cannot do.

For the reasons hereinabove given, the purported case-made filed in this cause is a nullity and brings nothing before this court for review. The appeal is dismissed.

Note.—See "Appeal and Error," 4 C. J. §2048, p. 377, n. 1; §2156, p. 443, n. 51.