## JONES v. NELSON et al.

No. 20670.   Opinion Filed Oct. 29, 1929.

See, also, 133 Okla. 92, 271 Pac. 240.

J. W. Brooks, for plaintiff in error.

Mackey & Parker and Lon Morris & Son, for defendants in error.

PER CURIAM. This is an appeal from an order and judgment of the district court of Cotton county discharging an attachment and sustaining a demurrer to plaintiff's evidence on the main issue in the case and judgment for the defendants.

At the time action was begun in the trial court the plaintiff in error procured an order of attachment. This order was executed by the sheriff and certain goods and chattels were seized under the order. and the perishable goods subjected to the attachment were by order of the court sold and the proceeds thereof are impounded in the trial court. Defendants moved to discharge the attachment, which motion was heard at the time of the trial upon the issues joined by the pleadings and by the court sustained on the 23rd day of March, 1929. The order dissolving the attachment directs the proceeds from the sale of seized goods returned to the defendants. Upon the completion of the plaintiff's case in chief the court sustained a demurrer to plaintiff's evidence and rendered judgment for the defendants.

The appeal from the order and judgment of the trial court was filed in this court on August 26, 1929. A petition in error attacks the order dissolving the attachment as well as the final judgment of the court.

The defendants filed in this cause their motion to affirm the order and judgment of the trial court. This court is without jurisdiction to review the order of the trial court dissolving the attachment and discharging the property seized, for the reason the appeal was not lodged in this court within 30 days after March 23, 1929, the day the order was made, as provided in section 809, C. O. S. 1921. Under this section, one desiring to appeal from an order of the trial court discharging an attachment must file his petition in error in the Supreme Court within 30 days from the date on which the order was made, and if such appeal is not lodged in this court within 30 days, this court acquires no jurisdiction to entertain the appeal or to hear and determine the same. First Nat. Bank v. Chowning, 95 Okla. 137, 218 Pac. 676; Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 Pac. 79; Mounts Oil, Gas & Mineral Co. v. Sandal, Griffin Co., 50 Okla. 321, 150 Pac. 1045; Bales-Fulkerson v. Freeman, 45 Okla. 798, 146 Pac. 1082. For the want of jurisdiction we are not authorized to affirm the order dissolving the attachment, but will dismiss the appeal therefrom.

The defendants seek an affirmance of the judgment rendered upon the issues j.ined by the pleadings upon the ground the law of the case was determined in a former appeal in this case. Nelson v. Jones, 133 Okla. 92, 271 Pac. 240. An examination of the opinion in that case discloses the judgtion of the appeal upon confession of error. and not from any determination of law as applied to the facts. There was, therefore, no review on the merits of the case and no declaration of law except as to the disposition of the appeal upon confession of error. This being the only ground for affirmance of the judgment, that part of the motion to affirm is denied, and the appeal from the order dissolving attachment is dismissed.

Note.—See "Appeal and Error," 3 C. J. §1035, p. 1044, n. 38; §1074, p. 1066, n. 27.