## HOLIBY v. POTEET et al.

No. 21162.   Opinion Filed April 8, 1930.

John T. Cooper, for plaintiff in error.

W. H. Gilliam, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Seminole county rendered in an action wherein the plaintiff in error was plaintiff and the defendants in error were defendants.

The regular judge of the district court was absent from the district and unable to hold court on account of illness. By written stipulation of the parties to the action, H. H. Edwards, a member of the bar of Seminole county, presided at the trial of the case as special judge. The motion for new trial was overruled by the special judge, who tried the cause on September 14, 1929, and the plaintiff in error herein was given 60 days in which to make and serve case-made. Under this order the time in which to make and serve case-made expired November 13, 1929. On November 5, 1929, the special judge who tried the case made an order granting 60 days' extension of time from November 14, 1929, in which to serve case-made. The case-made was served upon the defendants in error Loveless Plumbing Company and Davis Lumber Company on the 11th day of January, 1930. This case-made was settled and signed by the special judge January 27, 1930, but his signature to the certificate settling the case-made is not attested by the court clerk nor is the seal of the court affixed thereto.

The order made on the 5th day of November, 1929, extending the time to make and serve case-made is void for the reason the special judge was without authority to make the order. McGuire v. McGuire, 78 Okla. 164, 189 Pac. 193, and cases therein cited.

The case-made was served on the 11th day of January, 1930, and the time allowed for service thereof under a valid order of the court expired November 13, 1929. The case-made was not served within the time allowed by valid order of the court, and is a nullity and brings nothing before this court for review. Revard v. White, 139 Okla. 192, 281 Pac. 258. The case-made is a nullity for the further reason that the signature of the trial judge to the certificate settling the case-made is not attested by the court clerk and the seal of the court thereto affixed, as provided in section 785, C. O. S. 1921. State ex rel. Gross v. American Nat. Bank of Oklahoma City, 107 Okla. 265, 232 Pac. 52; Campbell v. Williams, 104 Okla. 274, 231 Pac. 226; Hillery v. Cox, 125 Okla. 124, 256 Pac. 915.

For the reason the case-made is a nullity, there is nothing before this court for review, and upon motion of the defendants in error the appeal is dismissed.