## ALEXANDER DRUG CO. v. HOLBERT et al.

No. 22101. Opinion Filed April 12, 1932.

Priest & Belisle, for plaintiff in error.

H. L. Smith, for defendants in error.

PER CURIAM. Plaintiff in error, as plaintiff below, filed suit in the court of common pleas of Tulsa county against the defendants in error on open account for $606.-20, and, at the time of filing petition an affidavit and undertaking for attachment was also filed by plaintiff and writ of attachment issued. Hearing was had upon the motion to dissolve and vacate said attachment, and, on August 18, 1930, the court entered its order and judgment sustaining the motion and dissolving and vacating the attachment. Plaintiff gave notice of its intention to appeal, and at the same time the trial court entered an order granting 30 days in which to prepare and serve case-made, 10 days for amendments, and 5 days for settlement. Petition in error with case-made attached was filed in this court on February 16, 1931. Plaintiff in error filed brief herein on May 20, 1931, and in the opening statement contained in said brief we find this statement:

"Upon a hearing on this motion the court vacated and set aside the attachment and the plaintiff gave notice of its intention to appeal to the Supreme Court and this cause now comes on regularly on appeal on the sole and only question as to whether the trial court erred in sustaining the motion of the defendants to dissolve the attachment, in view of the testimony of the plaintiff adduced at the hearing on the motion."

This statement contained in plaintiff in error's brief, on the face of the record, calls our attention to the question of jurisdiction to entertain this appeal. Referring to the case-made, at page 80, we find the order appealed from which reads in part as follows:

"Now, on this 18th day of August, 1930, the above entitled cause comes regularly on for hearing on the motion of movants G. L. Holbert and T. E. Tolleson to * * * and the court having heard the evidence and argument of counsel and being fully advised in the premises, finds that the attachment made and/or attempted herein and the proceedings instituted thereunder by the plaintiff were wrongful and should be dissolved, set aside, and held for naught. * * *

"It is therefore considered, ordered and adjudged by the court, that the plaintiff was not and is not entitled, under the pleadings and evidence herein, to attach or attempt to attach the stock of goods, wares, and merchandise involved in this case, or any part thereof, and that the attachment made or attempted herein, and all steps taken thereunder by the sheriff and/or his deputies in this action, * * * be and the same are hereby dissolved and held for naught, and the plaintiff and the sheriff of Tulsa county, and plaintiff's attorneys, officers, agents, and representatives, including the sheriff of Tulsa county and his deputies, are hereby ordered to release and redeliver to those in whose possession and custody the same were attached or attempted to be attached, all of the goods, wares and merchandise heretofore attached or attempted to be attached in this action. * * *"

Section 809, C. O. S. 1921, provides, in part, as follows:

"When an order, discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed. * * * If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the Clerk of the Supreme Court that such petition is or is not filed, shall be evidence thereof."

In First National Bank of Ft. Smith, Ark., v. Chowning, 95 Okla. 137, 218 P. 676, this court held:

"A petition in error to review an order discharging an attachment, by reason of section 809, C. O. S. 1921, must be filed in this court within 30 days after the date of the order appealed from, or the same will be dismissed."

In subsequent cases this court has held as follows:

"An appeal from an order discharging or modifying an attachment must be filed in this court within 30 days from the date on which the order appealed from was made, and if not so filed, this court acquires no jurisdiction to entertain an appeal from such order." Jones v. Nelson, 139 Okla. 198, 281 P. 792; Ridell v. Yoder, 145 Okla. 147, 292 P. 335.

In re Magnolia Petroleum Co., 138 Okla. 205, 280 P. 574, this court said:

"Supreme Court will determine for itself whether its jurisdiction to review the cause appealed has been invoked."

The court was without authority to make further orders extending the time beyond the period of 30 days from the date of the order dissolving the attachment, and such attempted extension of time is a nullity and does not operate to extend the time in which

appeal must be taken. Reynolds v. Phipps, 31 Okla. 788, 123 P. 1125.

The error complained of in the petition in error is as follows:

"That the court erred in sustaining the defendant in error's motion to dissolve the attachment."

Under this condition of the record, the petition in error and case-made not having been filed in this court for nearly six months after the date of the order discharging the attachment, this court is without jurisdiction to entertain the appeal. For want of jurisdiction, we are not authorized to affirm or reverse the order appealed from, but will dismiss the appeal therefrom