## HEWITT v. SHEPHARD.

No. 34712.    Dec. 11, 1951.

*239 P. 2d 400.*

Cecil E. Robertson, Muskogee, for plaintiff in error.

Edwin Langley, Muskogee, for defendant in error.

JOHNSON, J.    The parties herein will be referred to as they appeared in the trial court.

Plaintiff, Erma Shephard, on August 26, 1947, filed a bill of particulars in the city court of Muskogee, Oklahoma, setting forth a cause of action for damages for breach of contract against defendant, William Hewitt, and summons was duly issued and served.

No written answer was filed by defendant.    His only pleading was a motion to strike certain allegations in the plaintiff's bill of particulars.

On October 16, 1947, both parties being present in person and by attorneys, the cause was tried without a jury and judgment was rendered in favor of the plaintiff.    From this judgment the defendant appealed to the district court for trial de novo, which appeal, on plaintiff's motion for judgment on the transcript, wherein she asserted that since the defendant had failed and neglected to set up a defense by written pleadings as required by Title 11 O.S.A. §846, was dismissed.

Section 846, supra, reads:

"In all cases where the amount in controversy in the appeal exclusive of interest and costs exceed $100.00, appeals may be taken from the final judgment of such court to the District or Superior Courts of the county where such court is located and a trial de novo obtained by filing with the judge or clerk of the lower court within ten

466

days an appeal bond conditioned and governed by the same rules as now provided by law for Justice of the Peace Courts and as provided in Chapter 61, Article 9, of the Revised Law of Oklahoma 1910; *provided, that no appeal shall be taken unless a defense was set up or a cause of action shown by written pleadings and also by actual appearance and defense in person or by attorney in open court in such City Court, unless the appealing party shows he was prevented from filing pleadings or appearing at the trial in such City Court by unavoidable casualty or misfortune or excusable neglect. . ."* (Emphasis ours).

Plaintiff contends that the defendant forfeited his right to appeal from the adverse judgment because he failed to file a written answer in city court. The defendant contends that the proviso in the statute did not require him to file a written answer when he appeared in person and set up a defense.

The "city court" being created by statute (11 O.S.A. §831), appeals must be in compliance with statutes regulating appeals therefrom. Unless such statutory provisions are in conflict with some constitutional provision, the Legislature may prescribe in what cases, under what circumstances, and from what court appeals may be taken and where the statute does not expressly or by implication make provision therefor, there is no appeal. 2 Am. Jur., Appeal and Error, §6, p. 847.

In this case, 11 O.S.A. §846, supra, prescribes the procedure for an appeal to the district court for trial de novo. It provides that no appeal shall be taken unless a defense is set up or a cause of action shown by written pleadings. To comply with this provision, it was necessary for plaintiff to file a bill of particulars which was done and an answer or other pleading by defendant setting up a defense, which he failed to do. The right of appeal is fundamentally guaranteed only to those who comply with the procedure prescribed therefor. Muskogee Electric Traction Co. v. Watterson, 92 Okla. 183, 218 P. 796.

Defendant contends that Title 11 O.S.A. §833 applies so as to make the rules of justice court procedure applicable to appeals from the city court. It is noted that section 833 provides in part:

"The practice and procedure in such court, except as otherwise provided by this act, shall be the same as now provided by law for justices of the peace. . ."

Defendant asserts that in the case of Lincoln Health & Accident Ins. Co. v. Jones, 175 Okla. 211, 52 P. 2d 793, this court did not pass on the particular question involved here, yet it recognized the fact that it was unnecessary to file an answer in the city court. There was language used therein that was broad enough apparently to generally cover the issue herein, but this question was not an issue therein, and, upon reading sec. 833, supra, it is obvious that the language used therein limited or qualified the rules of practice applicable to justice of the peace courts to exceptions otherwise provided for by the act, that is, appeals for trial de novo in the district court were subject to the proviso (exceptions) in sec. 846, supra, which must be followed in proceedings to review a judgment of the city court by the district court, Watterson case, supra. Under the proviso in this section no appeal was available unless a written defense was filed in the case or the appealing party made a showing that he was prevented from so doing. An appeal is not a matter of right. It is a privilege and he who would enjoy that privilege must show some statute conferring it upon him. City of Portland v. Nottingham & Co., 58 Ore. 1, 113 P. 28; 2 Am. Jur. §6, supra. This, the defendant failed to do.

The judgment of the trial court dismissing the appeal for trial de novo is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.