HENRY BUILDING COMPANY, a Corpora-
tion, and Henry Construction Company,
a Corporation, Plaintiffs in Error,

v.

Mary COWMAN, Defendant in Error.

No. 38608.

Supreme Court of Oklahoma.

April 4, 1961.

Rehearing Denied June 13, 1961.

A. Langley Coffey, Luther P. Lane, Tulsa, for plaintiffs in error.

Joe Francis, Tulsa, for defendant in error.

JACKSON, Justice.

Henry Building Company and Henry Construction Company, "family corporations", hereinafter called defendants, appeal from judgment on verdict in favor of Mary Cowman, hereinafter called plaintiff, in an action to recover real estate brokers commission.

Plaintiff, as appellee, attacks the jurisdiction of this court to entertain the appeal upon the ground that the appeal was not filed in this court within twenty days from the date the case made was settled, inviting our attention to 12 O.S.Supp.1959, §§ 966 and 972.

The record shows that on January 27, 1959, the attorneys for the parties stipulated that the case made contains a full, true and correct record of all the proceedings in the trial court. On the same day two additional and separate stipulations were signed by plaintiff's attorney. One of these stipulations waived notice of the time and place of presentation of the case made to the trial judge for settling and signing and agreed that the case made might be settled and signed by the trial judge at his convenience. The other stipulation signed by the attorneys was to the effect that the settlement and signing by the trial court was waived.

Almost a month later, on February 24, 1959, the trial court signed and settled the case made and certified that it was correct and complete in all respects. This certificate was attested, signed and sealed by the court clerk.

On February 26, 1959, the court clerk signed a separate certificate to the effect that the case made contains a full and complete transcript of all the records and pleadings in his office, together with the rulings, orders and judgment of the court in said cause.

The case made was filed by the court clerk on February 26, 1959, withdrawn, and filed in this court on February 27, 1959.

Section 972, supra, requires that the appeal must be filed in this court within twenty days from the date the case made is settled. We must examine Section 966, supra, to determine when the case made was settled. Section 966 provides in part:

"* * * if all parties to the appeal, or their attorneys, stipulate and agree in writing, and incorporate the same in

the record of case made, to the effect that the record or case made is a full, true and correct record of the proceedings therein, or so much thereof as may be necessary to present the errors complained of, and that the settlement and signing by the Judge is waived, such settling, certifying and signing by the Judge, shall not be necessary; and *it shall then be sufficient for the clerk of the court from which the appeal is taken to certify, under the seal of the court, and to incorporate such certificate in the record or case made, to the effect that the record or case made is a full, true and correct record of the proceedings therein, * * *; and the* record or *case made shall thereupon be filed with the papers in the case,* and all other and further proceedings had and done therewith as is now provided by the law for a record or case made settled; certified and signed by the court or Judge; and said written stipulation and agreement shall have the same force and effect as the settlement, signing and certification by the Judge. * * *"  (Emphasis supplied.)

■ Plaintiff, appellee, contends that the case made was settled on January 27, 1959, when the attorneys signed the above mentioned stipulations. Defendants contend that the settlement was not complete until the attorneys had signed and the clerk had signed his certificate, under the seal of the court, as required by the statute. Under the facts as presented here we agree with the defendants. Under Section 966, supra, the stipulations of the attorneys is not enough and it is not sufficient until the clerk of the court has certified, under the seal of the court, that the record or case made is a full, true and correct record of the proceedings therein. Under 12 O.S.1951 § 958, and under 12 O.S.Supp.1959, § 966, supra, it is not required that the clerk certify that the case made is full, true and correct, where the trial judge has so certified, but it is required where the trial court does not so certify.

We conclude under the facts presented here that the settlement of the case made was complete when the court clerk signed his certificate on February 26, 1959. It is unnecessary for us to determine whether the settlement of the case made was complete on February 24, 1959, when the trial court settled and signed the case made. In either event the petition in error with case made attached was filed in this court on February 27, 1959, and within the twenty days allowed by Section 972, supra, and this court has jurisdiction.

Plaintiff alleged in her petition and amendment to petition that on or about October 1, 1956, C. H. Henry and May Henry gave plaintiff, a licensed real estate broker, authority to sell an apartment building in the city of Tulsa, Oklahoma, for the sum of $210,000; plaintiff to receive $10,000 for her services and defendants to receive $200,000. Plaintiff further alleged in her amended petition and amendment to petition that she found buyers, Marian and Don Morris, who were ready, willing and able to buy the property upon terms that were agreeable to the defendants. That after plaintiff had found the Morrises the defendant C. H. Henry then informed plaintiff that the apartment building was owned by Henry Building Company and Henry Construction Company and that he was authorized to contract for the corporations since he and his wife owned all the stock in these corporations. That he, C. H. Henry, might want the sale, for tax purposes, to be a sale of the entire corporations as well as the real estate involved. And that on November 29, 1956, C. H. Henry, acting as agent for the corporations, ratified plaintiff's employment and orally accepted Mr. and Mrs. Morris as purchasers upon terms mutually satisfactory to the defendants and to the Morrises. Based upon these allegations the two corporations, Henry Building Company and Henry Construction Company, were named as additional defendants.

At the conclusion of plaintiff's evidence C. H. Henry, May Henry, Henry Building Co. and Henry Construction Co., defendants, demurred to plaintiff's evidence. The

trial court sustained the demurrers of C. H. Henry and May Henry but overruled the demurrers of Henry Building Company and Henry Construction Company. The trial court orally instructed the jury at that time that C. H. Henry and May Henry were not proper parties defendant and that "from this point onward in the case, the case will proceed against the defendant corporations only." At the conclusion of the trial a verdict, as hereinafter explained, was rendered in favor of plaintiff for $10,000 and from judgment based thereon the defendant corporations have appealed.

We will consider defendants' propositions 1 and 3 together. In propositions 1 and 3 it is said:

"1. Plaintiff's petition is insufficient in law for support of the judgment rendered against these (corporation) defendants and said judgment is therefore void."

"3. A judgment not justified by the allegations of the petition and not supported by the evidence is void."

In argument defendants say that the amended petition and amendment to the petition contains only "pot shot" allegations, citing People ex rel. Dunbar v. District Court of City and County of Denver, 129 Colo. 203, 268 P.2d 1098; that the petition contains only conclusions of law, Eaves v. Busby, Okl., 268 P.2d 904, Bates v. Old Mac Coal Co., Okl., 271 P.2d 315; that plaintiff contracted with C. H. Henry and not the corporations, Lawrence Warehouse Co. v. Best Lumber Co., 202 Or. 77, 271 P.2d 661, 273 P.2d 993; and that Henry's attempt to bind the corporations by an oral agreement is contrary to the statute of frauds, 12 O.S.1951 § 136. We have carefully considered the arguments made and the cases cited and find the arguments without substantial merit.

In plaintiff's petition it was alleged that C. H. Henry informed the plaintiff that he (C. H. Henry) owned and controlled the two corporations; that acting for said corporations Henry ratified the authority of plaintiff to sell the properties; and that Henry was acting as agent for the corporations.

In 18 O.S.1951 § 1.34, it is provided that all corporate powers of domestic corporations shall be exercised under the authority of, and the business and affairs of a corporation shall be managed and conducted by a board of directors. Obviously the plaintiff herein did not plead that the defendants were acting through their boards of directors. She does plead in her amended petition that C. H. Henry told her that he owned and controlled the corporations. In her amendment to petition she alleged that C. H. Henry told her that the corporations were family corporations and that he and his wife, May Henry, owned the corporation property and all of the stock in the corporations.

Under 18 O.S.1951 § 1.34, supra, and under the general rule in external dealings with third persons a corporation exercises its powers by and through its board of directors. 19 C.J.S. Corporations §§ 999 and 1000, pages 463 and 464. However, there are exceptions to the rule. In 19 C.J.S. Corporations § 1004, page 471, it is said:

"* * * but the trend of authority is to uphold as binding on the corporation acts or contracts on its behalf by a person or person owning all or practically all the stock, * * *."

In Wenban Estate Inc., v. Hewlett et al., 193 Cal. 675, 227 P. 723, 731, the Supreme Court of California said:

"Accordingly it has been held that upon a sufficient showing that a corporation is but the instrumentality through which an individual, who is the sole owner of all of the corporate capital stock, for convenience transacts his business, equity, looking to the substance rather than the form of the relation, and the law as well, will hold such corporation obligated for the acts of the sole owner of the corporation to the same extent and just as he would be bound in the absence of the existence of the corporation."

In the body of the opinion in Mid-Continent Life Ins. Co. v. Goforth, 193 Okl. 314, 143 P.2d 154, 157, this court said:

"It is the general rule that a corporation is an entity separate and apart from the persons composing it, but the rule has its limitations. Both law and equity, when necessary to circumvent fraud, protect the rights of third persons, and accomplish justice, disregard the distinct existence and treat them as identical."

See also 13 Am.Jur. Corporations, § 7, page 160, to the same effect.

The evidence in this case shows that C. H. Henry and his wife, May Henry, owned all of the stock in defendant corporations during all of the negotiations herein. There is also testimony from C. H. Henry that he had the authority from his wife to sell his wife's stock. He said he could not sell the corporations but did testify he had authority to sell the stock. It is also apparent from other testimony that May Henry knew of the negotiations between C. H. Henry and the plaintiff, and that she had discussed the terms of the contract with her husband. She appears to have been present on one occasion in Sapulpa when negotiations were carried on between the Morrises and her husband, C. H. Henry.

■ From the foregoing we conclude that plaintiff pled a cause of action against the defendant corporations and that her proof supports the allegations of her petition against the corporations.

In defendants' proposition 2 it is asserted that the judgment does not conform to the verdict and is therefore void. In this connection the record shows the following verdict:

"Mary J. Cowman, plaintiff
v.
C. H. and May Henry, Defendants

"Verdict

"We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find the issues for plaintiff and fix the sum of her recovery at $10,000.00."

"s/ F. B. Koontz, Jr.

Foreman"

In the case made we find a "minute prepared in said cause by the clerk of the court" in pertinent part as follows: "at 2:45 P. M. the jury returned into court with their verdict which was read in open court * * *. 12 jurors concurring. * * * Verdict ordered filed and recorded and judgment entered thereon and in accordance therewith. Defendant excepts. Jury discharged."

The journal entry of judgment recites that the jury returned a verdict in favor of plaintiff and against the defendants Henry Building Company and Henry Construction Company in the sum of $10,000, and the court rendered judgment accordingly. This is assigned as error.

The question presented is whether the judgment conforms to the verdict of the jury. We have examined the authorities presented by the parties and do not find them helpful. However, it is clear to us under the facts in this case that the jury returned, and intended to return a verdict against the defendant corporations. As heretofore noted the trial court instructed the jury at the conclusion of plaintiff's evidence that C. H. and May Henry were not proper parties defendant and that "from this point onward in the case, the case will proceed against the defendant corporations only." The instructions of the court are styled "Mary Cowman, plaintiff vs. Henry Building Company and Henry Construction Company." In stating the issues the trial court made it clear that the corporations were the defendants. C. H. and May Henry are not mentioned therein as defendants. The instructions are wholly silent as to C. H. and May Henry, except that the jury was told that the plaintiff could not recover against the corporation defendants unless they found that C. H. Henry was acting as agent for the corporations. The only verdict the jury was authorized to return

under the court's instructions was a verdict against the corporation defendants.

■■ The Clerk's minute does not show, and the record does not otherwise show, why the defendants excepted to the verdict and entry of judgment thereon. Under these circumstances we are unable to conclude that the judgment does not conform to the verdict or that the trial court erred in entering judgment against the defendants on the verdict as returned by the jury. In the second paragraph of the syllabus in St. Louis & S. F. R. Co. et al. v. Williams, 55 Okl. 682, 155 P. 249, 250, it is held in part:

"As a general rule the caption of a verdict is not a material part thereof, and courts will not ordinarily be governed thereby, but rather by the body of findings. * * *."

■ In defendants' proposition 4 it is contended that the trial court erred in permitting the plaintiff to read from C. H. Henry's deposition (one of the original defendants), who was present at the trial, citing 12 O.S.1951 § 433. Under the record before us we find it unnecessary to decide this issue. If it was error it was harmless error, for at a later stage in the trial while C. H. Henry was on the stand he was examined and cross-examined regarding his testimony given by deposition including that portion which had previously been read to the jury. Harry v. Hertzler, 185 Okl. 151, 90 P.2d 656.

■ Defendants also contend that it was error for plaintiff's counsel in the presence of the jury to refer to an offer of compromise purportedly contained in the C. H. Henry deposition. We note in this connection that plaintiff's counsel was objecting to the defendants reading from the deposition testimony concerning a purported compromise between the parties. Plaintiff had a right to object to evidence of an effort to compromise. Kunkel v. Rattray, 110 Okl. 289, 231 P. 541; Vogel Bros. & Co. v. Bastin, 84 Okl. 273, 203 P. 219. Since it was the defendant who was attempting to inject the compromise into the

case it was not error for plaintiff to object to evidence of the attempted compromise. Furthermore, as part of defendants' evidence in chief, defendants were permitted by the court to prove that plaintiff had agreed to accept a lesser amount than that sued for after plaintiff had produced the purchasers.

We find no merit in these contentions. Hall v. State, 37 Okl.Cr. 4, 255 P. 716.

In defendants' proposition five it is said that "a punitive award in damages, based upon a purported contractual liability, is not supportable in civil law and should be set aside." The principal argument under this proposition is that the plaintiff admitted that she was to receive only $3,100 if the transaction were consummated through a sale of the stock, and that in any event her recovery should be limited to that amount.

The evidence indicates that under the original agreement between the parties plaintiff's commission was to be 5% of the sale price of the property, and that it was not until after plaintiff had presented the purchasers to the defendants that the controversy arose as to whether the commission should be figured on the sale price of the property or on the value of defendants' equity. The trial court dealt with this controversy in the instructions by telling the jury that if they found for the plaintiff they would then determine the amount to which she would have been entitled under her contract with the defendants, and that if the contract provided for a commission upon the equity of the corporations in the property their verdict should be for $3,100, but if the contract provided for a commission upon the full sales price of $210,000 then their verdict should be in the amount of $10,000. We have carefully examined the argument under this proposition together with the testimony introduced by the parties and find no merit in this proposition.

■ In proposition six the defendant complains of the instructions given and of those refused. Again we have carefully

examined the instructions given, and those refused, and conclude that the instructions given reasonably state the law applicable to the case as presented in the pleadings and the evidence introduced at the trial. Having so concluded we will not reverse. Hartford Fire Ins. Co. v. Clark, 205 Okl. 416, 238 P.2d 327.

Finally defendants contend that the judgment is void because plaintiff failed to prove compliance with the intangible tax law, 68 O.S.1951 § 1515. We believe there is merit in this contention. In preparing and approving the journal entry interest was allowed on $10,000 from December 23, 1956, rather than from the date of judgment, October 1, 1958. This would not have been proper unless this was a liquidated claim. In the third paragraph of the syllabus in Lumbermen's Supply Co. v. Neal, 189 Okl. 544, 119 P.2d 1017, 1018, it was held:

"Interest on an unliquidated claim, uncertain both as to existence and amount until established by an accounting, should be allowed only from the date of judgment."

While we have found no cause for reversing the judgment of the trial on the merits, we do conclude that since the record contains no proof of plaintiff's compliance with the Intangible Tax Law plaintiff has failed to establish a jurisdictional prerequisite to the rendition of judgment in her favor. For this reason the judgment of the trial court is vacated and the cause remanded with directions to the trial court to conduct a hearing upon proper notice to determine such jurisdictional matter and if plaintiff establishes compliance with the Intangible Tax Law, then judgment to be rendered for plaintiff; or upon failure to establish compliance with the Intangible Tax Law, the plaintiff's action to be dismissed without prejudice. Rogers v. Goodwin, 208 Okl. 110, 253 P.2d 844; Harris v. Conway, Okl., 343 P.2d 1069.

Since the judgment appealed from is vacated, the cost of this appeal must be taxed against the plaintiff.

Judgment vacated with directions.

WILLIAMS, C. J., and DAVISON, IRWIN, WELCH and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and HALLEY, J., concur in part and dissent in part.

JOHNSON, J., dissents.