**J. E. MEEK and Mrs. J. E. Meek, Plaintiffs in Error,**

v.

**Floy V. WILLIAMS, Kathleen Anderson and Margaret Riley, Defendants in Error.**

No. 42471.

Supreme Court of Oklahoma.

May 21, 1968.

Geo. L. Verity, Brown, Verity & Brown, Oklahoma City, for plaintiffs in error.

H. C. Ivester, Ivester, Ivester & Ivester, Sayre, for defendants in error.

McINERNEY, Justice:

This case presents for decision the question of whether within the meaning of 12 O.S.1961, § 958 and 12 O.S.Supp.1963, § 972(a) a case made is deemed settled when the trial judge signs the certificate of settlement or when that certificate is attested by the clerk of the trial court. Our answer is that under the terms of Sec. 958 the date of the trial judge's certificate is controlling and the 20-day time limit prescribed by Sec. 972(a) begins to run from that date.

This appeal is governed by the provisions of 12 O.S.Supp.1965, § 962(a) and 12 O.S.Supp.1963, § 972(a). The cited enactments were in effect when the trial court's judgment was rendered on Oct. 26, 1966. See Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515, 517.

■ The provisions of Sec. 972(a), as amended in 1963, prescribe that all proceedings in error which are prosecuted by case made must be commenced within 20 days from the date the case made is settled. The amendment dispenses with the previous requirement in 12 O.S.1961, § 972 of extending appeal time beyond three months from the date of final order. By force of the amendment extensions of appeal time became unnecessary and unauthorized. Under the terms of 12 O.S. Supp.1963, § 972(a), considered in conjunction with the provisions of 12 O.S.Supp. 1965, § 962(a), neither the trial court nor this court may, by any judicial act or order, extend the appeal time beyond the 20-day time limit prescribed by Sec. 972(a) for filing a proceeding in error by case made in this court. Blackwelder et al. v. Naylor, Okl., 439 P.2d 202.

The case made attached to the petition in error in this cause was settled by a certificate of the trial judge dated March 30, 1967; the certificate was attested by the clerk of the trial court on April 13, 1967. On the latter date the clerk also signed a certificate reciting that "casemade was settled on this 30th day of March 1967, and that 20 days from this date is the latest date by which Petition-in-Error can be filed in the Supreme Court * * * to comply with Section 972, Title 12 * * *". The petition in error was filed here April 28, 1967—more than 20 days from the date of the trial judge's certificate of settlement but within 20 days from the date case made was attested by the court clerk and certified as to the "latest date" for filing an appeal.

■ Under the terms of 12 O.S.1961, § 966, when a case made is settled by a stipulation of the parties waiving the trial judge's certificate of settlement, the settlement is not complete until the court clerk certifies, under the seal of the court, that the case made "is a full, true and correct record of the proceedings therein". This is so because the terms of Sec. 966 expressly provide that when the case made is not settled by the trial judge the clerk must certify as to its correctness. In short, by force of Sec. 966, the clerk's certificate is a pre-settlement requirement because it is *indispensable to the settlement effected by stipulation of the parties*. Henry Building Company v. Cowman, Okl., 363 P.2d 208, 211.

The terms of 12 O.S.1961, § 958, which prescribe the procedure governing a settlement of the case made by the trial judge do not require the inclusion of any such certificate by the clerk. They provide merely that the trial judge on settling and signing the case made shall "cause it to be attested by the clerk, and the seal of the court to be thereto attached. * * *" When that is done, Sec. 958 provides, "[i]t [the case made] shall then be filed with the papers in the case."

■ It is readily apparent from the statutory language quoted above that the settlement is effected and complete within the meaning of Sec. 958 when the trial judge signs the certificate of settlement

and *causes* the attestation of the clerk to be made under the seal of the court. This statutory duty was discharged by the trial judge in the present cause on March 30, 1967, when he "settled and signed" the case made and directed the court clerk of the trial court "to attest the same with his signature and the seal of said court, and file the same as provided by law." The case made is "complete" when it is signed by the trial judge. City of Eureka v. Merrifield, 53 Kan. 794, 37 P. 113, 114. The attestation by the clerk under the seal of the trial court "is not a certificate" of correctness. It clearly constitutes a post-settlement requirement rather than a step toward completion of settlement. The clerk's "only duty is to attest,—that is, to witness,—the signature of the [trial] judge who settled and signed the case [made]." Abel v. Blair, 3 Okl. 339, 41 P. 342. He has no authority to attest before the trial judge has *"actually settled"* the case made and directed the attestation to be made. W. T. Rawleigh Co. v. Kelly, 137 Okl. 22, 278 P. 267, 268.

We therefore hold that a case made is settled within the meaning of 12 O.S.1961, § 958 and 12 O.S.Supp.1963, § 972(a) when the trial judge issues the certificate of settlement and directs the clerk to attest it under the seal of the court; the clerk's attestation of the certificate under seal, and the filing of the case made in the trial court must be regarded as post-settlement requirements toward perfecting the record on appeal rather than as steps necessary to complete settlement of a case made.

An appeal by case made is subject to dismissal when not commenced in the manner and within the time prescribed by law. Reed v. Moore, Okl., 386 P.2d 763; Albert v. Card, Okl., 317 P.2d 766. The right of appeal is fundamentally guaranteed only to those who comply with the procedure prescribed therefor. Hewitt v. Shephard, 205 Okl. 465, 239 P.2d 400, 402; Shepherd v. Herndon, Okl., 398 P.2d 511. The question of jurisdiction is primary and fundamental in every case. It may neither be waived by the parties nor overlooked by the court. Hutchins v. Sperling, Okl., 316 P.2d 589, 590. The Supreme Court is duty-bound to determine for itself whether its jurisdiction to review the cause has been invoked. Alexander Drug Co. v. Holbert, 156 Okl. 198, 10 P.2d 412, 413.

Inasmuch as this proceeding in error was not brought here within the period of 20 days from March 30, 1967, the date case made was settled by the trial judge's certificate, this court is without jurisdiction to entertain the instant appeal.

Appeal dismissed.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY and HODGES, JJ., concur.

DAVISON, WILLIAMS and LAVENDER, JJ., dissent.

DAVISON, Justice (dissenting).

I am unable to agree with the majority opinion. It is my firm belief that the opinion fails to give full effect to certain statutory provisions and fails to consider the force of prior decisions by this court.

Title 12 O.S.Supp.1963, § 972, requires that appeals by case made be filed in this court "within twenty (20) days from the date the case made is settled." In the present case the appealing parties were proceeding under 12 O.S.1961, § 958, providing for settling and signing of the case made by the judge and attestation and attaching of the court seal by the clerk. The facts are that on March 30, 1967, the judge signed a certificate to settle the case made; on April 13, 1967, the clerk attested, attached the seal, and filed the case made in the case; and on April 28, 1967, the appeal was filed in this court. The appeal was filed more than 20 days after the judge signed the certificate to the case made, and less than 20 days after the clerk attested and attached the court seal. The question to be answered is, from which date shall the 20 day period be calculated?

The majority opinion recognizes it must show that the interpretation given 12 O.S. 1961, § 966, and the conclusion reached in Henry Building Company v. Cowman, Okl., 363 P.2d 208, cannot be used or applied to § 958.

Section 966 provides that where the parties incorporate a stipulation in the record of the case made that it is a full, true and correct record of the proceedings therein, and that settlement and signing by the judge is waived, such settling, certifying and signing by the Judge shall not be necessary, and further states:

"* * * and it shall then be sufficient for the clerk of the court from which the appeal is taken to certify, under the seal of the court, and to incorporate such certificate in the record or case made, to the effect that the record or case made is a full, true and correct record of the proceedings therein, * * * according to the records and files in his office; and the record or case made shall thereupon be filed with the papers in the case, and all other and further proceedings had and done therewith as is now provided by the law for a record or case made settled; certified and signed by the court or Judge; *and said written stipulation and agreement shall have the same force and effect as the settlement, signing and certification by the Judge.* * * *" (emphasis supplied)

In the Cowman case we held that where the parties proceed pursuant to § 966, "the case made is 'settled' within the meaning of" §§ 966 and 972 when the court clerk certifies, under the seal of the court, that the case made contains a full, true and correct record of the proceeding therein. We stated that the settlement of the case made was "complete" when the court clerk signed his certificate. In other words, the 20 day period in which to file the appeal in this court was computed from the date the court clerk signed his certificate and thereby "completed" settlement of the case made, and not from the date the parties stipulated settlement and signing by the

judge was waived, even though the statute, supra, stated that the written stipulation and agreement of the parties "shall have the same force and effect as the settlement, signing and certification by the Judge." This can only mean that the certification by the clerk is an integral and essential part of the settling and signing when proceeding under § 966.

It is my opinion that the same reasoning and a similar conclusion may be validly used and reached in the present case.

Section 958 provides for settlement and signing of the case made by the Judge, and states in part as follows:

"* * * The case and amendments shall, upon three days' notice be submitted to the judge, who shall settle and sign the same, *and cause it to be attested by the clerk, and the seal of the court to be thereto attached.* It shall then be filed with the papers in the case. * * *" (emphasis supplied)

It is my belief that this language makes the clerk's attestation a part of the settling and signing of the case made. The statute states the court shall "cause" the case made to be attested by the clerk. Black's Law Dictionary defines "cause," in the sense it is here used, as "To effect a thing as an agent; to bring it about." Webster's Third New International Dictionary defines "cause," as here used, to also mean "to effect by command, authority or force." The official act of settling and signing is the combination of the judge signing the certificate to settle the case made *and* the attestation by the clerk. The official act is incomplete without the attestation.

There is no question concerning the importance of the clerk's attestation. In Bland v. Morse, 141 Okl. 30, 283 P. 1002, this court stated:

"Where the signature of the trial judge to the certificate settling the case-made is not attested by the court clerk and the seal of the court affixed, such case-made is a nullity and brings nothing before this court for review."

In Virginia Trust Co. v. Burnett, 147 Okl. 165, 296 P. 458, 459, it is stated as follows:

"The instrument is not a case-made, in that the signature and certificate of the trial judge thereto affixed was not and is not attested by the court clerk, as required by section 785, C.O.S.1921, as construed by this court in Hillery v. Cox, 125 Okl. 124, 256 P. 915, and an unbroken line of decisions. * * *"

See also Holiby v. Poteet, 142 Okl. 250, 286 P. 782.

I believe that the statutory provisions and these authorities lead to only one conclusion, that the clerk's attestation pursuant to the court's direction is a part of the settling of the case made. The settling of the case made is not complete until the clerk attests the judge's signature. I see no justifiable ground for not applying the legal reasoning employed in the Cowman case to the present situation.

For the reasons stated it is my opinion the 20 day period in which to file the appeal in this court should be computed from the date of the clerk's attestation. The appeal should not be dismissed.

I am authorized to state that WILLIAMS and LAVENDER, JJ., concur in the dissenting views herein set forth.